IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
------------------------------------------------------ x
                                                       :
In re:                                                 :  Chapter 11
                                                       :
THE CONTAINER STORE GROUP, INC.,                       :  Case No. 24-90627 (ARP)
                                                       :
         Debtor.                                       :
Tax I.D. No. 26-0565401                                :
------------------------------------------------------ x
                                                       :
In re:                                                 :
                                                       :  Chapter 11
THE CONTAINER STORE, INC.,                             :
                                                       :  Case No. 24-90626 (ARP)
         Debtor.                                       :
Tax I.D. No. 75-1596981                                :
------------------------------------------------------ x
                                                       :
In re:                                                 :
                                                       :  Chapter 11
C STUDIO MANUFACTURING INC.,                           :
                                                       :  Case No. 24-90628 (ARP)
         Debtor.                                       :
Tax I.D. No. 20-8164763                                :
------------------------------------------------------ x
                                                       :
In re:                                                 :
                                                       :  Chapter 11
C STUDIO MANUFACTURING LLC,                            :
                                                       :  Case No. 24-90629 (ARP)
         Debtor.                                       :
Tax I.D. No. 41-2225770                                :
------------------------------------------------------ x
                                                       :
In re:                                                 :
                                                       :  Chapter 11
TCS GIFT CARD SERVICES, LLC,                           :
                                                       :  Case No. 24-90630 (ARP)
         Debtor.                                       :
Tax I.D. No. 20-1367975                                :
------------------------------------------------------ x
```

**EMERGENCY MOTION OF DEBTORS FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

> **Emergency relief has been requested. Relief is requested not later than 1:00 p.m. (prevailing Central Time) on December 23, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on December 23, 2024 at 1:00 p.m. (prevailing Central Time) in Courtroom 400, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Perez's conference room number is 282694. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Perez's home page. The meeting code is "JudgePerez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Perez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors in possession (collectively, the "***Debtors***") respectfully state as follows in support of this motion (this "***Motion***"):

**RELIEF REQUESTED**

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto (the "***Proposed Order***"), directing the joint administration of their above-captioned chapter 11 cases for procedural purposes only and granting related relief. The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of The Container Store Group, Inc. *et al.*, Case No. 24-90627 and that the cases be administered under a consolidated caption, as follows:

2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

---------------------------------------------------------- x
:
In re: : Chapter 11
:
THE CONTAINER STORE GROUP, INC., *et al.*, : Case No. 24-90627 (ARP)
:
Debtors.[1] : (Jointly Administered)
:
---------------------------------------------------------- x

[1] The Debtors in these cases, together with the last four digits of each Debtor's taxpayer identification number, are: The Container Store Group, Inc. (5401); The Container Store, Inc. (6981); C Studio Manufacturing Inc. (4763); C Studio Manufacturing LLC (5770); and TCS Gift Card Services, LLC (7975). The Debtors' mailing address is 500 Freeport Parkway, Coppell, TX 75019.

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**").

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors, other than The Container Store Group, Inc. et al., to reflect the joint administration of the chapter 11 cases:

> An order has been entered in this case consolidating this case with the case of The Container Store Group, Inc. (Case No. 24-90627 (ARP)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 24-90627 (ARP) should be consulted for all matters affecting this case.

### JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the Southern District of Texas (the "***Court***") has jurisdiction to consider this Motion under 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court may enter a final order consistent with Article III of the United States Constitution.

5. Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

6. The statutory and legal predicates for the relief requested herein are sections 105(a) and 342(c) of the Bankruptcy Code, Rules 1005, 1015 and 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and the Procedures for Complex Cases in the Southern District of Texas (the "**Complex Case Procedures**").

## BACKGROUND

7. On the date hereof (the "**Petition Date**"), the Debtors filed voluntary petitions in the Court commencing cases (the "**Chapter 11 Cases**") for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been requested and no committee has been appointed in the Chapter 11 Cases.

8. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Chad E. Coben, Chief Restructuring Officer, in Support of Chapter 11 Petitions and First Day Motions*, filed contemporaneously herewith (the "**First Day Declaration**"), which is fully incorporated herein by reference.[1]

9. The Chapter 11 Cases are "prepackaged" cases commenced for the purpose of implementing agreed restructuring and recapitalization transactions among the Debtors and their key stakeholders. Prior to the Petition Date, the Debtors entered into that certain Transaction Support Agreement, dated as of December 21, 2024 (as may be amended, modified or

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the First Day Declaration.

4

supplemented, the "**Transaction Support Agreement**") with lenders that collectively hold over 90% of the outstanding principal amount of term loans under the Debtors' Term Loan Facility (the "**Consenting Term Lenders**"), including those certain members of an ad hoc term lender group represented by Paul Hastings LLP (the "**Ad Hoc Group**").  The holders of the outstanding principal amount of asset-backed loans under the Debtors' Prepetition ABL Facility (the "**Prepetition ABL Lenders**") are not parties to the Transaction Support Agreement.

10. Contemporaneously herewith, the Debtors will file a prepackaged chapter 11 plan of reorganization reflecting the terms of the Transaction Support Agreement (as may be amended, modified or supplemented, the "**Plan**"), along with (a) a corresponding disclosure statement (as may be amended, modified or supplemented, the "**Disclosure Statement**") and (b) a motion seeking, among other things, (i) conditional approval of the Disclosure Statement, (ii) approval of the solicitation and notice procedures, and (iii) to schedule a combined hearing to consider approval of the Disclosure Statement on a final basis and confirmation of the Plan.

11. The Plan contemplates that all Allowed General Unsecured Claims (as defined in the Plan) will be paid in full or will otherwise be unimpaired and "ride through" the Chapter 11 Cases, and brings in at least approximately $60 million of new liquidity for the Debtors to fund go forward operations.  The Debtors are seeking confirmation of the Plan as quickly as the Court's schedule and requisite notice periods will permit to implement the proposed restructuring and recapitalization transactions under the Transaction Support Agreement and Plan.

## BASIS FOR RELIEF

12. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b)(4).

13. Section 101(2) of the Bankruptcy Code, in turn, defines the term "affiliate" in pertinent part, as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;
>
> (C) [a] person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D) [an] entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11 U.S.C. § 101(2).

14. The Debtors are "affiliates" of each other as that term is defined in section 101(2) of the Bankruptcy Code. Debtor The Container Store Group, Inc. directly or indirectly owns and controls the other Debtors. Specifically: (a) The Container Store Group, Inc. directly owns and controls one hundred percent (100%) of the outstanding voting securities of The Container Store, Inc. which, in turn, owns one hundred percent (100%) of the membership interests of TCS Gift Card Services, LLC and one hundred percent (100%) of the voting securities of C Studio Manufacturing Inc. C Studio Manufacturing Inc., in turn, owns (100%) of the membership interests of C Studio Manufacturing LLC. Accordingly, joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b).

15. Bankruptcy Local Rule 1015-1 provides additional authority for the Court to order joint administration of the Chapter 11 Cases. *See* Bankr. L.R. 1015-1 (stating the procedure for

6

filing motions and proposed orders for joint administration). The Debtors have filed this Motion in compliance with the Bankruptcy Local Rules.

16. Joint administration will ease the administrative burden on the Court and all parties in interest by, among other things, eliminating the need for duplicative pleadings, notices, and orders in each of the respective dockets and saving the Court, the Debtors, and other parties in interest substantial time and expense when preparing and filing such documents. Further, joint administration will protect parties in interest by ensuring that they will be apprised of the various motions filed with the Court with respect to each of the Debtors' cases.

17. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative combination, and not substantive consolidation, of the Debtors' estates. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. In addition, all creditors will benefit from the reduction in costs that will result from joint administration. Thus, the Debtors submit that joint administration of the Chapter 11 Cases is in the best interests of their estates, their creditors, and all parties in interest.

18. Finally, the Debtors submit that use of the simplified caption, without reference to the Debtors' tax identification numbers, addresses, and previous names, will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification. Other case-specific information will be listed in the petitions for the respective Debtors and such petitions are publicly available, including on the restructuring website maintained by the Debtors that is free to access, and will be provided by the Debtors upon request. Therefore, the Debtors submit the

policies behind the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) have been fully satisfied.[2]

19.     For these reasons, the Debtors submit that the relief requested is necessary and appropriate, is in the best interest of their respective estates and creditors, and should be granted in all respects.

## EMERGENCY CONSIDERATION

20.     The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Local Rule 9013-1(i), which authorizes a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." The Debtors believe that an immediate and orderly transition into chapter 11 is critical to the viability of their operations and the success of the Chapter 11 Cases. As discussed in detail above, immediate and irreparable harm would result if the relief herein is not granted. Moreover, the Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Local Rule 9013-1(i), and the Debtors believe that emergency consideration is necessary and respectfully request that this Motion be heard on an emergency basis.

## NOTICE

21.     Notice of the Motion will be given to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to the DIP Term Loan Agents; (c) counsel to the DIP ABL Loan Agent; (d) counsel to the Ad Hoc Group and DIP Lenders; (e) counsel to the

---

[2] Bankruptcy Rule 1005 requires petition captions to include the name of the court, the title of the case (including the Debtor's name, employer identification number or other taxpayer identification number, and all other names used within eight years before filing the petition), and the docket number. Bankruptcy Rule 2002(n) requires that the caption on notices comply with Rule 1005.

Prepetition Term Loan Agent; (f) counsel to the Prepetition ABL Agent; (g) the creditors listed on the Debtors' consolidated list of thirty (30) creditors holding the largest unsecured claims; (h) the United States Attorney for the Southern District of Texas; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the state attorneys general for states in which the Debtors conduct business; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

22. A copy of the Motion is available on (a) the Court's website, at www.txs.uscourts.gov, and (b) the website maintained by the Debtors' proposed claims and noticing agent, Kurtzman Carson Consultants, LLC d/b/a Verita Global, at https://www.veritaglobal.net/thecontainerstore.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated:  December 22, 2024
        Houston, Texas

Respectfully submitted,

*/s/ Timothy A. ("Tad") Davidson II*
**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)
Ashley L. Harper (Texas Bar No. 24065272)
Philip M. Guffy (Texas Bar No. 24113705)
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone:  (713) 220-4200
Email:  taddavidson@HuntonAK.com
       ashleyharper@HuntonAK.com
       pguffy@HuntonAK.com

- and -

**LATHAM & WATKINS LLP**
George A. Davis (NY Bar No. 2401214)
Hugh Murtagh (NY Bar No. 5002498)
Tianjiao (TJ) Li (NY Bar No. 5689567)
Jonathan J. Weichselbaum (NY Bar No. 5676143)
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:  george.davis@lw.com
       hugh.murtagh@lw.com
       tj.li@lw.com
       jon.weichselbaum@lw.com

Ted A. Dillman (CA Bar No. 258499)
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone:  (213) 485-1234
Email:  ted.dillman@lw.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I certify that on December 22, 2024, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

<i>/s/ Timothy A. ("Tad") Davidson II</i><br>
Timothy A. ("Tad") Davidson II