United States Bankruptcy Court
Southern District of Texas

**ENTERED**

December 23, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

--------------------------------------------------------- x

In re:                                        :    Chapter 11
                                              :
THE CONTAINER STORE GROUP, INC., *et al.*,    :    Case No. 24-90627 (ARP)
                                              :
Debtors.[1]                                   :    (Jointly Administered)
                                              :

--------------------------------------------------------- x

### ORDER (I) AUTHORIZING THE
### DEBTORS TO PAY PREPETITION TRADE CLAIMS IN THE
### ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF
**[Relates to Docket No. 16]**

Upon the motion (the "***Motion***")[2] of the Debtors for an order (this "***Order***") (i) authorizing, but not directing, the Debtors to pay the prepetition Trade Claims in the ordinary course of business and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due

---

[1]    The Debtors in these cases, together with the last four digits of each Debtor's taxpayer identification number, are: The Container Store Group, Inc. (5401); The Container Store, Inc. (6981); C Studio Manufacturing Inc. (4763); C Studio Manufacturing LLC (5770); and TCS Gift Card Services, LLC (7975).  The Debtors' mailing address is 500 Freeport Parkway, Coppell, TX 75019.

[2]    Capitalized terms used but not defined herein have the meanings given to them in the Motion.

deliberation thereon; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), 363(c), and 503(b)(9) of the Bankruptcy Code, in the reasonable exercise of their business judgment, to pay, in the ordinary course of business, some or all of the prepetition Trade Claims of Trade Creditors in full, subject to the following:

   a.     The Debtors, in their sole discretion, may require, as a condition to receiving payment on account of Trade Claims, that Trade Creditors agree to continue to provide goods and/or services to the Debtors on terms that are as good as or better than the terms and conditions that existed 120 days prior to the Petition Date (collectively, the "***Customary Trade Terms***") during the pendency of these Chapter 11 Cases.  If, after receiving a payment under the Proposed Orders, a Trade Creditor ceases to provide Customary Trade Terms, then the Debtors may, in their sole discretion, seek an order from the Court to (i) determine that any payment on a prepetition claim received by such Trade Creditor be an unauthorized voidable postpetition transfer under section 549 of the Bankruptcy Code that the Debtors may recover in cash or goods, or (ii) deem such payment to apply instead to any postpetition amount that may be owing to such Trade Creditor.

   b.     Before making a payment to a creditor under this Order, the Debtors may, in their discretion, settle all or some of the prepetition claims of such creditor for less than their face amount without further notice or hearing.

2.     For the avoidance of doubt, the Trade Claims authorized to be paid pursuant to this Order include claims held by professionals utilized in the ordinary course and not otherwise retained pursuant to a separate order of the Bankruptcy Court.

3.     The undisputed obligations of the Debtors arising under the Prepetition Purchase Orders shall be afforded administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

4.      The Debtors are authorized, but not directed, in their sole discretion, to pay in the ordinary course of their businesses all undisputed obligations arising from the postpetition delivery or shipment of goods or provision of services under the Prepetition Purchase Orders consistent with their customary past practice.

5.      The Debtors will ensure that the payments made pursuant to this Order are reflected on their books and records such that they are identifiable as payments made on account of prepetition claims.

6.      Nothing in the Motion or this Order, nor the Debtors' implementation of the relief granted in this Order, shall be deemed to modify or waive any of the Debtors' rights with respect to goods and services requested or received from the Trade Creditors, including the Debtors' rights to (a) cancel a purchase order, (b) decline the acceptance of goods and/or services, (c) return any defective, nonconforming or unacceptable goods, or (d) contest the amount of any invoice or claim on any grounds.

7.      The Debtors' banks and financial institutions are authorized to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts before the Petition Date for Trade Claims and Prepetition Purchase Orders that have not been honored and paid as of the Petition Date (or to reissue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and are authorized to rely on the Debtors' directions or representations as to which checks, drafts, transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Order; *provided* that sufficient funds are on deposit in the applicable bank accounts to cover such payments, and any such banks and financial

institutions shall not have any liability to any party for relying on such directions or representations by the Debtors as provided in this Order.

8.     The Debtors are further authorized, but not directed, to issue postpetition checks, or to effect postpetition funds transfer requests, in replacement of any checks or funds transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Order.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     Nothing in the Motion or this Order, or the relief granted herein (including any actions taken or payments made by the Debtors), is to be construed as:  (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a concession by the Debtors that any lien (contractual, common, statutory or otherwise) satisfied pursuant to the Motion are valid (and all rights to contest the extent, validity or perfection or seek avoidance of all such liens are expressly reserved); (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.  Nothing contained in this Order shall be deemed to increase, reclassify,

elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

11.     Nothing in this Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

12.     Nothing in this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as a waiver of the right of Debtors, or shall impair the ability of Debtors, to contest the validity and amount of any payment made pursuant to this Order.

13.     Notwithstanding anything to the contrary contained herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to any interim and final orders, as applicable, approving the use of such cash collateral and/or the Debtors' entry into any postpetition financing facilities or credit agreements, and any budgets in connection therewith governing any such postpetition financing and/or use of cash collateral (each such order, a "***DIP Order***").  To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

14.     For the avoidance of doubt, this Order does not authorize payments to insiders (as such term is defined in section 101(31) of the Bankruptcy Code) or affiliates of an insider, of the Debtors. Nothing herein shall impair or prejudice the rights of the U.S. Trustee or any other party in interest to object to and seek the return of any payment made pursuant to this Order to an insider of the Debtors, and all rights of the Debtors and the relevant insider are reserved to respond to any such objection.

15.     Nothing in the Motion or this Order waives or modifies the requirements of the Transaction Support Agreement, including, without limitation, the consent and consultation rights contained therein.

16.     The requirements set forth in Bankruptcy Rule 6004(a), to the extent applicable, are hereby waived.

17.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

18.     The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

19.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Signed: December 23, 2024

Alfredo R Pérez
United States Bankruptcy Judge