United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 23, 2024
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

```
--------------------------------------------------------  x
                                                          :
In re:                                                    :  Chapter 11
                                                          :
THE CONTAINER STORE GROUP, INC., et al.,                  :  Case No. 24-90627 (ARP)
                                                          :
            Debtors.¹                                     :  (Jointly Administered)
                                                          :
--------------------------------------------------------  x
```

**ORDER (I) SCHEDULING COMBINED HEARING
TO CONSIDER (A) FINAL APPROVAL OF DISCLOSURE
STATEMENT, (B) APPROVAL OF SOLICITATION PROCEDURES
AND FORM OF BALLOT, AND (C) CONFIRMATION OF PLAN;
(II) ESTABLISHING AN OBJECTION DEADLINE TO OBJECT TO DISCLOSURE
STATEMENT AND PLAN; (III) APPROVING THE FORM AND MANNER
OF NOTICE OF COMBINED HEARING, OBJECTION DEADLINE, AND
NOTICE OF COMMENCEMENT; (IV) APPROVING NOTICE AND OBJECTION
PROCEDURES FOR THE ASSUMPTION OR REJECTION OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES; (V) CONDITIONALLY WAIVING
REQUIREMENT OF FILING SCHEDULES OF ASSETS AND LIABILITIES,
STATEMENTS OF FINANCIAL AFFAIRS, AND 2015.3 REPORTS;
(VI) CONDITIONALLY WAIVING REQUIREMENT TO CONVENE THE SECTION
341 MEETING OF CREDITORS; (VII) CONDITIONALLY APPROVING THE
DISCLOSURE STATEMENT; AND (VIII) GRANTING RELATED RELIEF**
**[Relates to Docket No. 17]**

Upon the emergency motion (the "***Motion***")[2] of the Debtors for entry of an order

(this "***Order***") (a) scheduling a combined hearing (the "***Combined Hearing***") to consider

(i) approval of the Disclosure Statement, (ii) approval of Solicitation Procedures and form of

Ballots, and (iii) confirmation of the Plan; (b) establishing an objection deadline to object to the

---

1   The Debtors in these cases, together with the last four digits of each Debtor's taxpayer identification number, are:
    The Container Store Group, Inc. (5401); The Container Store, Inc. (6981); C Studio Manufacturing Inc. (4763);
    C Studio Manufacturing LLC (5770); and TCS Gift Card Services, LLC (7975).  The Debtors' mailing address
    is 500 Freeport Parkway, Coppell, TX 75019.

2   Capitalized terms used but not defined herein have the meanings given to them in the Motion.

final approval of the Disclosure Statement and confirmation of the Plan (the "***Objection Deadline***"); (c) approving the form and manner of notice of the Combined Hearing, the Objection Deadline, and the commencement of the Chapter 11 Cases (the "***Combined Notice***"), attached hereto as <u>Exhibit 1</u>; (d) approving the Solicitation Procedures with respect to the Plan, including the form of Ballot and Voting Instructions, attached hereto as <u>Exhibit 2</u>; (e) approving the form and manner of (i) non-voting status notice (the "***Non-Voting Status Notice***"), attached hereto as <u>Exhibit 3</u> and (ii) Release Opt-Out Forms, attached hereto as <u>Exhibits 4A</u> and <u>4B</u>; (f) extending the deadline for the Debtors to file schedules of assets and liabilities and statements of financial affairs (collectively, the "***Schedules and Statements***") and initial reports of financial information in respect of entities in which their Estates hold a controlling interest as set forth in in Bankruptcy Rule 2015.3 (the "***2015.3 Reports***") in each case through and including February 23, 2025 (the "***SOAL/SOFA Deadline***"), and conditionally waiving the requirement that the Debtors file the Schedules and Statements and the 2015.3 Reports if the Plan is confirmed; (g) conditionally waiving the requirement to convene the Section 341 Meeting; (h) approving the notice and objection procedures in connection with the assumption or rejection of executory contracts and unexpired leases pursuant to the Plan; (i) conditionally approving the Disclosure Statement; and (j) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that

no other or further notice is necessary, except as set forth in the Motion with respect to entry of this Order; and upon the record herein; and after due deliberation thereon; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Combined Hearing, at which the Court will consider, among other things, the final approval of the Disclosure Statement and confirmation of the Plan, shall be held on **January 24, 2025 at 1:00 p.m. (prevailing Central Time)**.  The Combined Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court or at the Combined Hearing and notice of such adjourned date(s) will be available on the electronic case filing docket.

2.      The Proposed Confirmation Schedule set forth in the Motion (and copied below) is hereby approved, except as may be modified herein.

| Event | Deadline | Notes |
|---|---|---|
| Voting Record Date | December 18, 2024 | N/A |
| Commence Solicitation (the "*Solicitation Date*") | December 21, 2024 | N/A |
| Petition Date | December 22, 2024 | N/A |
| Mail Combined Notice and Non-Voting Status Notice | December 24, 2024 or as soon as practicable thereafter | N/A |
| Publication Deadline | December 27, 2024 or as soon as practicable thereafter | N/A |
| Plan Supplement Filing Deadline | January 14, 2025 | Seven (7) days before Objection Deadline |
| Deadline to Vote on the Plan and Return Release Opt-Out Forms (the "*Voting Deadline*") | January 21, 2025 at 4:00 p.m. (prevailing Central Time) | Solicitation Date *plus* thirty-two (32) days |

| Event | Deadline | Notes |
|---|---|---|
| Objection Deadline | January 21, 2025 at 4:00 p.m. (prevailing Central Time) | Three (3) days before Combined Hearing |
| File Confirmation Materials | January 23, 2025 at 12:00 p.m. (prevailing Central Time) | One (1) day before Combined Hearing |
| Combined Hearing | January 24, 2025 at 1:00 p.m. (prevailing Central Time) | Thirty-three (33) days after Petition Date |
| Section 341(a) Meeting / SOAL/SOFA Deadline (if applicable) | February 23, 2025 | Combined Hearing Date *plus* thirty (30) days |

3.     Any objections to the final approval of the Disclosure Statement and/or confirmation of the Plan shall be:  (a) in writing; (b) filed with the Clerk of Court together with proof of service thereof; (c) set forth the name of the objecting party, and the nature and amount of any claim or interest asserted by the objecting party against the estate or property of the Debtors; (d) state the legal and factual basis for such objection; and (e) conform to the applicable Bankruptcy Rules, the Bankruptcy Local Rules and any other case management rules and orders of the Court, by no later than **4:00 p.m. (prevailing Central Time) on January 21, 2025**.  In addition to being filed with the Clerk of the Court, any such Objections should be served upon the following parties in accordance with the Local Rules:

a.     The Container Store Group Inc., 500 Freeport Parkway Coppell, TX 75019, Attn:  Tasha Grinnell (tlgrinnell@containerstore.com);

b.     proposed counsel to the Debtors, (i) Latham & Watkins LLP, (A) 355 South Grand Avenue, Suite 100, Los Angeles, CA 90071, Attn:  Ted A. Dillman and Hugh Murtagh (ted.dillman@lw.com), and (B) 1271 Avenue of the Americas New York, NY 10020, Attn: Hugh Murtagh (hugh.murtagh@lw.com); and (ii) Hunton Andrews Kurth LLP, 600 Travis, Suite 4200, Houston, Texas 77002, Attn: Tad Davidson (taddavidson@huntonak.com) and Ashley Harper (ashleyharper@huntonak.com);

c.     counsel to the DIP Agent, Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, NY 10036, Attn: Donald E. Rothman (drothman@riemerlaw.com) and Steven E. Fox

(sfox@riemerlaw.com) and (ii) Frost Brown Todd LLP, Rosewood Court, 2101 Cedar Springs Road, Suite 900, Dallas, TX 75201, Attn: Rebecca L. Matthews (rmatthews@fbtlaw.com);

d.    counsel to the Ad Hoc Group, Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Jayme Goldstein (jaymegoldstein@paulhastings.com); Charles Persons (charlespersons@paulhastings.com); Isaac Sasson (isaacsasson@paulhastings.com); and William Reily (williamreily@paulhastings.com);counsel to the ABL Facility Agent, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017, Attn: Zachary Weiner (zachary.weiner@stblaw.com);

e.    Counsel to the Prepetition ABL Facility Agent, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017, Attn: Ian Kitts (ian.kitts@stblaw.com);

f.    counsel to the DIP Term Loan Agent, Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 Attn: Alex Cota (alexcota@paulhastings.com);

g.    the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, TX 77002, Attn: Ha Nguyen (Ha.Nguyen@usdoj.gov) and Vianey Garza (Vianey.Garza@usdoj.gov); and

h.    counsel to any statutory committee, if appointed.

4.    The Debtors are authorized to file and serve a supplement to the Plan (the "***Plan Supplement***") on or before January 14, 2025, and to further supplement the Plan Supplement as necessary thereafter.  If the Objection Deadline is extended, the Debtors shall be authorized to file the Plan Supplement by seven (7) days before such extended Objection Deadline.

5.    Notice of the Combined Hearing and service thereof comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules and are approved and deemed to be sufficient and appropriate under the circumstances; *provided however*, that if any Holder of a Claim against, or Interest in, a Debtor requests from the Debtors, the Debtors' counsel or Verita a copy of the Plan or Disclosure Statement, regardless of whether such Holder is in the Voting Class, the Debtors' counsel or Verita shall serve the requested document or

documents on the Holder at the Debtors' cost, no later than two (2) Business Days from the date such request is made; *provided, further*, that any provision of Bankruptcy Rule 3017(d) requiring the Debtors to distribute the Disclosure Statement and the Plan to parties not entitled to vote, whether because they are unimpaired or because they are deemed to reject the Plan, or any parties in interest other than as prescribed in this Order, shall be waived; *provided further*, the Debtors shall cause to be posted to their case website, maintained by Verita, various chapter 11 related documents (to the extent not already posted), including the following:  (a) the Plan; (b) the Disclosure Statement; (c) the Motion and any orders entered in connection with the Motion; and (d) the Combined Notice.  The Debtors shall also serve a copy of the Combined Notice on all known creditors, interest holders, and interested parties; *provided* that the Publication Notice shall be deemed adequate and sufficient notice to the Debtors' customers of the Combined Hearing, the Objection Deadline, and the commencement of the Chapter 11 Cases.  For the avoidance of doubt, the requirement that the Debtors serve any notices or materials on Holders of Claims in Class 6 (Intercompany Claims) or Interests in Class 7 (Intercompany Interests) shall be waived.

6.     The Solicitation Procedures, including the setting of the Voting Record Date, utilized by the Debtors for distribution of the Solicitation Packages as set forth in the Motion in soliciting acceptances and rejections of the Plan satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules and are approved.  The Debtors and the Solicitation Agent are authorized to accept Ballots and Release Opt-Out Forms through the E-Ballot Portal.  The encrypted data and audit trail created by such electronic submission shall become part of the record of any Ballot or Release Opt-Out Form submitted in this manner, and the Holder's electronic signature will be deemed to be immediately legally valid and effective.

7. The authorization of the Solicitation Agent is approved and any obligation for the Debtors or the Solicitation Agent to conduct additional research for updated addresses based on undeliverable Solicitation Packages (including undeliverable Ballots, Non-Voting Status Notices, Release Opt-Out Forms, and Combined Notices) is hereby waived.

8. To the extent that section 1125(b) of the Bankruptcy Code requires the Debtors' prepetition solicitation of acceptances for the Plan to be pursuant to an approved disclosure statement in order to continue on a postpetition basis, the Court conditionally approves the Disclosure Statement as having adequate information as required by section 1125 of the Bankruptcy Code without prejudice to any party in interest objecting to the adequacy of the Disclosure Statement at the Combined Hearing.

9. The Debtors are authorized, but not directed, to provide the Nominees with sufficient copies of the Combined Notice and Non-Voting Status Notice to forward to the beneficial Holders of Interests. Nominees are required to forward the Combined Notice and Non-Voting Status Notice or copies thereof to the beneficial Holders of Interests within seven (7) days of the receipt by such Nominee of the Combined Notice. To the extent the Nominees incur out-of-pocket expenses in connection with distribution of the Combined Notice or Non-Voting Status Notice, the Debtors are authorized, but not directed, to reimburse such entities for their reasonable and customary expenses incurred in this regard. To the extent that the Debtors serve beneficial Holders directly, in accordance with the customary requirements of a Nominee, the Debtors are authorized to send the Combined Notice and Non-Voting Status Notice to beneficial Holders of Interests in Class 8 in paper format via first class mail or via electronic transmission in accordance with the customary requirements of each Nominee.

10.     The Solicitation Package used to solicit votes to accept or reject the Plan as set forth in the Motion is approved.

11.     The Combined Notice, substantially in the form attached hereto as <u>Exhibit 1</u>, is approved.

12.     The Ballot and Voting Instructions, substantially in the forms attached hereto as <u>Exhibit 2</u>, and the terms and conditions therein, are approved.

13.     The Non-Voting Status Notice, substantially in the form attached hereto as <u>Exhibit 3</u>, is approved.

14.     The Release Opt-Out Forms, substantially in the form attached hereto as <u>Exhibits 4A</u> and <u>4B</u>, and the terms and conditions therein, are approved.

15.     The Solicitation Procedures that will be used for tabulations of votes to accept or reject the Plan as set forth in the Motion and as provided by the Ballots, as applicable, are approved.

16.     The notice and objection procedures set forth in this Order and the Motion constitute good and sufficient notice of the Combined Hearing; commencement of the Chapter 11 Cases; and the deadline and procedures for objection to approval of the Solicitation Procedures, final approval of the Disclosure Statement, and confirmation of the Plan, and no other or further notice shall be necessary.

17.     The time within which the Debtors shall file the Schedules and Statements and 2015.3 Reports is extended through and including the SOAL/SOFA Deadline without prejudice to the Debtors' right to seek further extensions of the time within which to file the Schedules and Statements and 2015.3 Reports or to seek additional relief from the Court regarding the filing of, or waiver of the requirement to file, the Schedules and Statements and 2015.3 Reports.

18.     The requirement to convene a Section 341 Meeting shall be deferred, provided confirmation occurs on or before the SOAL/SOFA Deadline, without prejudice to the Debtors' right to request further extensions thereof.

19.     The U.S. Trustee shall not be required (but may after consulting with the Debtors) to schedule a Section 341 Meeting, unless the Plan is not confirmed in the Chapter 11 Cases on or before the SOAL/SOFA Deadline, without prejudice to the Debtors' right to request further extensions thereof.

20.     The notice and objection procedures in connection with the assumption or rejection of Executory Contracts and Unexpired Leases pursuant to the Plan are approved, as set forth in the Combined Notice.

21.     Any objection to the assumption or rejection of Executory Contracts and Unexpired Leases must (a) be in writing, (b) conform to the applicable Bankruptcy Rules and Local Rules, (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof, (d) be filed with the Court by the Objection Deadline, together with proof of service, and (e) served upon the Notice Parties.

22.     The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

23.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

 Signed: December 23, 2024

Alfredo R Pérez
United States Bankruptcy Judge

9

**<u>EXHIBIT 1</u>**

Combined Notice

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

---------------------------------------------------------- x
                                   :

In re:                               :    Chapter 11
                                     :

THE CONTAINER STORE GROUP, INC., *et al.*, :    Case No. 24-90627 (ARP)
                                     :

           Debtors.[1]           :    (Jointly Administered)
                                     :
---------------------------------------------------------- x

**NOTICE OF (I) COMMENCEMENT
OF CHAPTER 11 CASES, (II) COMBINED HEARING ON
DISCLOSURE STATEMENT, PREPACKAGED JOINT CHAPTER 11
PLAN, AND RELATED MATTERS, (III) OBJECTION DEADLINES,
AND (IV) SUMMARY OF PREPACKAGED JOINT CHAPTER 11 PLAN**

**NOTICE IS HEREBY GIVEN** as follows:

The Container Store Group, Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "***Debtors***"), each commenced a case under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of Texas (the "***Court***") on December 22, 2024 (the "***Petition Date***").

Before the Petition Date, on December 21, 2024, the Debtors commenced solicitation of the *Prepackaged Joint Plan of Reorganization of The Container Store Group, Inc. and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time, the "***Plan***")[2] attached as <u>Exhibit A</u> to the proposed *Disclosure Statement for Prepackaged Joint Plan of Reorganization of The Container Store Group, Inc. and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time, the "***Disclosure Statement***") pursuant to sections 1125 and 1126(b) of the Bankruptcy Code.  Copies of the Plan and the Disclosure Statement may be obtained free of charge by visiting the solicitation website maintained by the Debtors' solicitation agent, Kurtzman Carson Consultants, LLC d/b/a Verita Global (the "***Solicitation Agent***" or "***Verita***"), at www.veritaglobal.net/thecontainerstore.  Copies of the Plan and Disclosure Statement may also be obtained by calling the Solicitation Agent at (888) 251-3046 (U.S. / Canada,

---

[1]    The Debtors in these cases, together with the last four digits of each Debtor's taxpayer identification number, are: The Container Store Group, Inc. (5401); The Container Store, Inc. (6981); C Studio Manufacturing Inc. (4763); C Studio Manufacturing LLC (5770); and TCS Gift Card Services, LLC (7975).  The Debtors' mailing address is 500 Freeport Parkway, Coppell, TX 75019.

[2]    Capitalized terms used but not defined herein have the meanings given to them in the Plan.

toll-free) or (310) 751-2615 (International, toll), or by messaging the Solicitation Agent at www.veritaglobal.net/thecontainerstore/inquiry.

## Information Regarding Plan

The Debtors commenced solicitation of votes to accept the Plan from Holders of Class 3 (Term Loan Claims) of record as of December 18, 2024. Only Holders of Claims in Class 3 are entitled to vote to accept or reject the Plan. All other Classes of Claims and Interests are either presumed to accept or deemed to reject the Plan and, therefore, Holders of such Claims and Interests are not entitled to vote to accept or reject the Plan. **The deadline for the submission of votes to accept or reject the Plan is January 21, 2025 at 4:00 p.m. (prevailing Central Time).**

The Debtors are proposing a restructuring that, pursuant to the Plan, will provide substantial benefits to the Debtors and all of their stakeholders. Upon its full implementation, the Plan will reduce the Debtors' total funded debt from approximately $243.1 million to approximately $190 million. **Importantly, the Plan will not impair the Debtors' non-financial creditors, including general unsecured creditors such as vendors and suppliers—in other words, under the Plan, vendors and suppliers will be paid or otherwise satisfied in full in the ordinary course and on customary terms.** The restructuring will allow the Debtors' management team to focus on operational performance and value creation, execute on growth initiatives, and continue to serve as a leading national retailer of organizational solutions.

The Plan provides for certain releases, injunctions, and exculpations as set forth in Appendix A.

The Court has scheduled a combined hearing to consider final approval of the Disclosure Statement and any objections thereto and to consider confirmation of the Plan and any objections thereto to be held before the Court, Courtroom [    ], 4th floor, 515 Rusk Street, Houston, Texas 77002, **on January 24, 2025 at a time to be identified on the agenda for such hearing and the Solicitation Agent's website set forth below** (the "***Combined Hearing***"). The time and location of the Combined Hearing may also be obtained by contacting the undersigned proposed counsel to the Debtors. The Combined Hearing may be adjourned from time to time without further notice other than by filing a notice on the Court's docket indicating such adjournment and/or announcement of the adjournment date or dates at the Combined Hearing. The adjourned dates will be available on the electronic case filing docket and the Solicitation Agent's website at www.veritaglobal.net/thecontainerstore.

The Court has set the deadline for filing objections to the final approval of the Disclosure Statement and/or confirmation of the Plan as **January 21, at 4:00 p.m. (prevailing Central Time)** (the "***Objection Deadline***"). Any objections to the Disclosure Statement and/or the Plan must be: (a) in writing, (b) filed with the Clerk of the Court together with proof of service thereof, (c) set forth the name of the objecting party, and the nature and amount of any Claim or Interest asserted by the objecting party against the Debtors' estates or property of the Debtors, (d) state the legal and factual basis for such objection, and (e) conform to the applicable Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "***Bankruptcy Local Rules***").

2

In addition to being filed with the Clerk of the Court, any such objections should be served upon the following parties in accordance with the Bankruptcy Local Rules:

| *Debtors* | *Office of the U.S. Trustee* |
|---|---|
| The Container Store Group, Inc.<br>500 Freeport Parkway,<br>Coppell, TX 75019<br>Attn: Tasha Grinnell<br><br>Email: tlgrinnell@containerstore.com | Office of the United States Trustee for the Southern District of Texas<br>515 Rusk Street, Suite 3516<br>Houston, TX 77002<br>Attn: Ha Nguyen and Vianey Garza<br><br>Email:   Ha.Nguyen@usdoj.gov<br>              Vianey.Garza@usdoj.gov |
| *Proposed Co-Counsel to the Debtors* | *Proposed Co-Counsel to the Debtors* |
| Latham & Watkins LLP<br>355 South Grand Avenue, Suite 100<br>Los Angeles, CA 90071<br>Attn: Ted A. Dillman<br>Email:   ted.dillman@lw.com<br><br>Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Attn: Hugh Murtagh<br>Email:   hugh.murtagh@lw.com | Hunton Andrews Kurth LLP<br>600 Travis Street, Suite 4200<br>Houston, TX 77002<br>Attn: Timothy A. Davidson, Ashley L. Harper, Philip M. Guffy<br>Email:   taddavidson@HuntonAK.com<br>              ashleyharper@HuntonAK.com<br>              pguffy@HuntonAK.com |
| *Counsel to the DIP Agent* | *Co-Counsel to the DIP Agent* |
| Riemer & Braunstein LLP<br>Times Square Tower<br>Seven Times Square, Suite 2506<br>New York, NY 10036<br>Attn: Donald E. Rothman and Steven E. Fox<br>Email:   drothman@riemerlaw.com<br>              sfox@riemerlaw.com | Frost Brown Todd LLP<br>Rosewood Court<br>2101 Cedar Springs Road, Suite 900<br>Dallas, TX 75201<br>Attn: Rebecca L. Matthews<br><br>Email:   rmatthews@fbtlaw.com |
| *Counsel to the Ad Hoc Group* | *Counsel to the ABL Facility Agent* |
| Paul Hastings LLP<br>200 Park Avenue<br>New York, NY 10166<br>Attn: Jayme Goldstein, Charles Persons, Isaac Sasson and William Reily<br><br>Email:   williamreily@paulhastings.com<br>              jaymegoldstein@paulhastings.com<br>              charlespersons@paulhastings.com<br>              isaacsasson@paulhastings.com | Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>Attn: Ian Kitts<br><br>Email:   ian.kitts@stblaw.com |
| *Counsel to the DIP Term Loan Agent* | |
| Paul Hastings LLP<br>200 Park Avenue<br>New York, NY 10166<br>Attn: Alex Cota and Liz Loonam<br><br>Email:   alexcota@paulhastings.com<br>              lizloonam@paulhastings.com | |

**UNLESS AN OBJECTION IS TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES IN THIS NOTICE, SUCH OBJECTION MAY NOT BE CONSIDERED BY THE COURT AT THE COMBINED HEARING.**

### Notice of Assumption of Executory Contracts and <u>Unexpired Leases of Debtors and Related Procedures</u>

Please take notice that, in accordance with <u>Article V.A</u> of the Plan and sections 365 and 1123 of the Bankruptcy Code, except as otherwise provided in the Plan, each Executory Contract and Unexpired Lease will be deemed assumed (the "***Assumed Contracts and Leases***") unless it:  (a) is identified on the Rejected Executory Contract/Unexpired Lease List (which, if any, will initially be filed with the Court as part of the Plan Supplement on or before January 14, 2025) as an Executory Contract or Unexpired Lease to be rejected, (b) is the subject of a separate motion or notice to reject pending as of the Effective Date, or (c) previously expired or terminated pursuant to its own terms (disregarding any terms the effect of which is invalidated by the Bankruptcy Code).  The Debtors are serving this Combined Notice on all parties to Executory Contracts and Unexpired Leases, reflecting the Debtors' intention to assume the Executory Contracts and Unexpired Leases in connection with the Plan and indicating that the Debtors or the Reorganized Debtors, as applicable, will cure any defaults under the Executory Contracts and Unexpired Leases.

As provided in <u>Article V.B</u> of the Plan, any monetary default under the Assumed Contracts and Leases will be cured by payment in Cash on the Effective Date or as soon as reasonably practicable thereafter.  If there is a dispute with respect to assumption of an Executory Contract or Unexpired Lease under the Plan then the Court will hear such dispute before assumption becoming effective, subject to the limitations set forth in the Plan.

**If a dispute arises regarding the amount of any payment needed to cure outstanding defaults under any Executory Contract or Unexpired Lease, the payment required by section 365(b)(1) of the Bankruptcy Code will be made following the entry of a Final Order(s) resolving the dispute and approving the assumption and will not prevent or delay implementation of the Plan or the occurrence of the Effective Date.**

### <u>Summary of the Plan</u>

Solicitation of votes on the Plan commenced before the Petition Date.  The following chart summarizes the treatment provided by the Plan to each Class of Claims and Interests:

| Class | Claim / Interest | Status | Voting Rights | Approx. Percentage Recovery[3] |
|-------|------------------|--------|---------------|-------------------------------|
| 1 | Other Secured Claims | Unimpaired | Presumed to Accept | Estimated Percentage Recovery:  100% |

---

[3]   For purposes of the projected recoveries under the Plan set forth herein, the Debtors' investment banker conducted a valuation analysis, and the total enterprise value as of the assumed Effective Date of January 31, 2025 is estimated to be between approximately $184 million and $216 million, with a midpoint of $200 million.

| Class | Claim / Interest | Status | Voting Rights | Approx. Percentage Recovery[3] |
|-------|-----------------|--------|---------------|-------------------------------|
| 2 | ABL Claims | Unimpaired | Presumed to Accept | Estimated Percentage Recovery: 100% |
| *3* | *Term Loan Claims* | *Impaired* | *Entitled to Vote* | *Estimated Percentage Recovery: 4.5% to 17.6%.* |
| 4 | General Unsecured Claims | Unimpaired | Presumed to Accept | Estimated Percentage Recovery: 100% |
| 5 | Subordinated Claims | Impaired | Deemed to Reject | Estimated Percentage Recovery: 0% |
| 6 | Intercompany Claims | Unimpaired or Impaired | Presumed to Accept or Deemed to Reject | Estimated Percentage Recovery: N/A |
| 7 | Intercompany Interests | Unimpaired or Impaired | Presumed to Accept or Deemed to Reject | Estimated Percentage Recovery: N/A |
| 8 | Existing Equity Interests | Impaired | Deemed to Reject | Estimated Percentage Recovery: 0% |

### Non-Voting Status of Holders of Certain Claims and Interests

As set forth above, certain holders of Claims and Interests are **not** entitled to vote on the Plan. As a result, such parties did not receive any ballots and other related solicitation materials to vote on the Plan. Claims in Classes 1, 2, and 4 are Unimpaired under the Plan and, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to accept the Plan. Claims and Interests in Classes 6 and 7 are either Unimpaired or Impaired under the Plan and are conclusively presumed to accept or deemed to reject the Plan, as applicable. Claims and Interests in Classes 5 and 8 (collectively with Classes 1, 2, 4, 6, and 7, the "***Non-Voting Classes***") are Impaired under the Plan with no recovery and, pursuant to section 1126(g) of the Bankruptcy Code, are deemed to reject the Plan. In light of their presumed acceptance or rejection of the Plan, none of the Holders of Claims and Interests in the Non-Voting Classes were solicited to vote on the Plan. Instead, the Holders of Claims and Interests in the Non-Voting Classes (other than Holders of Intercompany Claims and Intercompany Interests) will receive a Non-Voting Status Notice. Because the Intercompany Claims and Intercompany Interests are all held by the Debtors or affiliates of the Debtors, the Debtors did not provide the Holders in Class 6 (Intercompany Claims) or Class 7 (Intercompany Interests) with a Non-Voting Status Notice (or a Solicitation Package). Further, Holders of Claims or Interests in the Non-Voting Classes can access the Disclosure Statement and the Plan at no cost on the website maintained by the Solicitation Agent: www.veritaglobal.net/thecontainerstore.

## Section 341(a) Meeting

The Debtors intend to request that the Court defer a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "***Section 341(a) Meeting***") and **that the Section 341(a) Meeting not be convened if the Plan is confirmed by February 23, 2025.**  If the Section 341(a) Meeting will be convened, the Debtors will file and serve on the parties on whom they served this notice and any other parties entitled to notice pursuant to the Bankruptcy Rules, and post on the website at www.veritaglobal.net/thecontainerstore not less than twenty-one (21) days before the date scheduled for such meeting, a notice of, among other things, the date, time, and place of the Section 341(a) Meeting.  The meeting may be adjourned or continued from time to time by notice at the meeting, without further notice to creditors.

*[Remainder of page left intentionally blank]*

6

Dated:  [ ● ], 2024
    Houston, Texas

Respectfully submitted,

*/s/*

**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)
Ashley L. Harper (Texas Bar No. 24065272)
Philip M. Guffy (Texas Bar No. 24113705)
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone:  (713) 220-4200
Email:  taddavidson@HuntonAK.com
      ashleyharper@HuntonAK.com
      pguffy@HuntonAK.com

- and -

**LATHAM & WATKINS LLP**
George A. Davis (NY Bar No. 2401214)
Hugh Murtagh (*pro hac vice* pending)
Tianjiao (TJ) Li (NY Bar No. 5689567)
Jonathan J. Weichselbaum (NY Bar No. 5676143)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email:  george.davis@lw.com
      hugh.murtagh@lw.com
      tj.li@lw.com
      jon.weichselbaum@lw.com

Ted A. Dillman (CA Bar No. 258499)
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone:  (213) 485-1234
Email:  ted.dillman@lw.com

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

<u>Appendix A</u>

Release, Injunction, and Exculpation Provisions in the Plan[1]

---

[1]    Capitalized terms used but not defined in this <u>Appendix A</u> have the meanings given to them in the Plan.

## Article IX.

## DISCHARGE, RELEASE, INJUNCTION, AND RELATED PROVISIONS

### B. *Releases by the Debtors*

**To the fullest extent permitted by applicable law and approved by the Bankruptcy Court, and except as otherwise expressly set forth in the Plan or the Combined Order, pursuant to section 1123(b) of the Bankruptcy Code, as of the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party, in each case on behalf of itself and its respective successors, assigns, and Representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, is and is deemed to be, forever and unconditionally released, and absolved by each Debtor, Reorganized Debtor, and the Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Estates, or the Reorganized Debtors that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from, in whole or in part, (1) the management, ownership, or operation of the Debtors or the Non-Debtor Affiliates, (2) the purchase, sale, or rescission of any security of the Debtors or the Non-Debtor Affiliates, (3) the subject matter of, or the transactions, events, circumstances, acts or omissions giving rise to, any Claim or Interest that is treated in the Restructuring Transactions, including the negotiation, formulation, or preparation of the Restructuring Transactions, (4) the business or contractual arrangements between any Debtor or Non-Debtor Affiliate and any other Entity, (5) the Debtors' and Non-Debtor Affiliates' in- or out-of-court restructuring efforts, (6) intercompany transactions, (7) the formulation, preparation, dissemination, negotiation, filing, or consummation of the Plan, the Disclosure Statement, the Transaction Support Agreement, the Definitive Documents, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), the Chapter 11 Cases, or any Restructuring Transaction, (8) any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Transaction Support Agreement, the Definitive Documents, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), the Chapter 11 Cases, the pursuit of Confirmation of the Plan, the administration and implementation of the Plan, or the Restructuring Transactions, including the issuance or distribution of Securities pursuant to the Plan, (9) the distribution, including any disbursements made by a Distribution Agent, of property under the Plan or any other related agreement, or (10) any other act or omission, transaction, agreement, event, or other occurrence related to any of the foregoing and taking place on or before the Effective Date; provided, that the Debtors do not release Claims or Causes of Action (1) that are of a commercial nature and arising in the ordinary course of business, such as accounts receivable and accounts payable on account of goods and services being performed or (2) arising out of, or related to, any act or omission of a Released Party that is determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have**

constituted actual fraud, gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud (but not, for the avoidance of doubt, fraudulent transfers), gross negligence, or willful misconduct). Notwithstanding anything to the contrary in the foregoing, the Releases set forth above do not release (1) any obligations of any Person or Entity under the Plan, the Combined Order, any other Definitive Document, any Restructuring Transaction, any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, or any agreement, Claim, or obligation arising or assumed under the Plan or (2) any Causes of Action specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action.

Entry of the Combined Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable consideration provided by each of the Released Parties, including the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (2) a good-faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

### C. Releases by Holders of Claims and Interests

To the extent permitted by applicable law and approved by the Bankruptcy Court, and except as otherwise expressly set forth in the Plan or the Combined Order, as of the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party, in each case on behalf of itself and its respective successors, assigns, and Representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, has and is deemed to have, forever and unconditionally, released, and absolved each Released Party from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Estates, or the Reorganized Debtors that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor, based on or relating to, or in any manner arising from, in whole or in part, (1) the management, ownership, or operation of the Debtors or the Non-Debtor Affiliates, (2) the purchase, sale, or rescission of any Security of the Debtors or the Non-Debtor Affiliates, (3) the subject matter of, or the transactions, events, circumstances, acts or omissions giving rise to, any Claim or Interest that is treated in the Restructuring Transactions, including the negotiation, formulation, or preparation of the Restructuring Transactions, (4) the business or contractual arrangements between any Debtor or Non-Debtor Affiliate and any other Entity, (5) the Debtors' and Non-Debtor Affiliates' in- or out-of-court restructuring efforts, (6) intercompany transactions, (7) the formulation, preparation, dissemination, negotiation, filing, or consummation of the Plan,

the Disclosure Statement, the Transaction Support Agreement, the Definitive Documents, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), the Chapter 11 Cases, or any Restructuring Transaction, (8) any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Transaction Support Agreement, the Definitive Documents, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), the Chapter 11 Cases, the pursuit of Confirmation of the Plan, the administration and implementation of the Plan, or the Restructuring Transactions, including the issuance or distribution of Securities pursuant to the Plan, (9) the distribution, including any disbursements made by a Distribution Agent, of property under the Plan or any other related agreement, or (10) any other act, or omission, transaction, agreement, event, or other occurrence relating to any of the foregoing and taking place on or before the Effective Date; provided, that the Releasing Parties do not release Claims or Causes of Action (1) arising out of, or related to, any act or omission of a Released Party that is determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted actual fraud (but not, for the avoidance of doubt, fraudulent transfers), gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud, gross negligence, or willful misconduct) or (2) against a Released Party arising from any obligations owed to the Releasing Party that are wholly unrelated to the Debtors or the Reorganized Debtors. Notwithstanding anything to the contrary in the foregoing, the Releases set forth above do not release (1) any obligations of any Person or Entity under the Plan, the Combined Order, any other Definitive Document, any Restructuring Transaction, any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, or any agreement, claim, or obligation arising or assumed under the Plan or (2) any Causes of Action specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action.

Entry of the Combined Order shall constitute the Bankruptcy Court's approval of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) given and made after due notice and opportunity for hearing; and (3) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release.

### D. Exculpation

Effective as of the Effective Date, to the fullest extent permitted by law, the Exculpated Parties shall neither have nor incur any liability to any Person or Entity for any Claims or Causes of Action for any act taken or omitted to be taken between the Petition Date and the Effective Date in connection with, or related to, formulating, negotiating, preparing, disseminating, implementing, administering, confirming or effecting the Confirmation or consummation (as applicable) of the Plan, the Transaction Support Agreement, and the Disclosure Statement including any disbursements made by a Distribution Agent in connection with the Plan, the Disclosure Statement, the Definitive

Documents, the Plan Supplement, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Plan or any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors, the approval of the Disclosure Statement or Confirmation or consummation of the Plan; provided, that the foregoing provisions of this exculpation shall not operate to waive or release: (1) any Claims or Causes of Action arising from willful misconduct, actual fraud (but not, for the avoidance of doubt, fraudulent transfers), or gross negligence of such applicable Exculpated Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction; and/or (2) the rights of any Person or Entity to enforce the Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with the Plan or assumed pursuant to the Plan or Final Order of the Bankruptcy Court; provided, further, that each Exculpated Party shall be entitled to rely upon the advice of counsel concerning its respective duties pursuant to, or in connection with, the above referenced documents, actions, or inactions.

The Exculpated Parties have, and upon consummation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

The foregoing exculpation shall be effective as of the Effective Date without further notice to or order of the Bankruptcy Court, act, or action under applicable law, regulation, order, or rule or the vote, consent, authorization, or approval of any Person or Entity.  For the avoidance of doubt and notwithstanding anything else herein, the foregoing exculpation shall be limited to Persons that served as Estate fiduciaries during the Chapter 11 Cases.

### E. Permanent Injunction

Except as otherwise expressly provided in the Transaction Support Agreement, the Plan or the Combined Order, from and after the Effective Date, all Persons and Entities are, to the fullest extent provided under Section 524 and other applicable provisions of the Bankruptcy Code, permanently enjoined from (1) commencing or continuing, in any manner or in any place, any suit, action or other proceeding of any kind; (2) enforcing, attaching, collecting, or recovering in any manner or means any judgment, award, decree, or order; (3) creating, perfecting, or enforcing any Lien or encumbrance; (4) asserting a right of setoff or subrogation of any kind; or (5) commencing or continuing in any manner any action or other proceeding of any kind, in each case on account of or with respect to any Claim, demand, liability, obligation, debt, right, Cause of Action, Interest, or remedy released or to be released, exculpated or to be exculpated, settled or to be settled, or discharged or to be discharged pursuant to the Plan or the Combined Order against any Person or Entity so released, discharged, or exculpated (or the property or estate of any Person or Entity so released, discharged, or exculpated).  All injunctions or stays provided for in the Chapter 11

Cases under Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

No Person or Entity may commence or pursue a Claim or Cause of Action, as applicable, of any kind against the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action, as applicable, subject to Article IX thereof, without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action, as applicable, represents a colorable Claim of any kind, and (ii) specifically authorizing such Person or Entity to bring such Claim or Cause of Action, as applicable, against any such Debtor, Reorganized Debtor, Exculpated Party, or Released Party, as applicable. At the hearing for the Bankruptcy Court to determine whether such Claim or Cause of Action represents a colorable Claim of any kind, the Bankruptcy Court may, or shall if any Debtor, Reorganized Debtor, Exculpated Party, Released Party, or other party in interest requests by motion (oral motion being sufficient), direct that such Person or Entity seeking to commence or pursue such Claim or Cause of Action file a proposed complaint with the Bankruptcy Court embodying such Claim or Cause of Action, such complaint satisfying the applicable Rules of Federal Procedure, including, but not limited to, Rule 8 and Rule 9 (as applicable), which the Bankruptcy Court shall assess before making a determination. For the avoidance of doubt, any party that obtains such determination and authorization and subsequently wishes to amend the authorized complaint or petition to add any Claims or Causes of Action not explicitly included in the authorized complaint or petition must obtain authorization from the Bankruptcy Court before filing any such amendment in the court where such complaint or petition is pending. The Bankruptcy Court reserves jurisdiction to adjudicate any such claims to the maximum extent provided by the law.

### F. SEC Reservation of Rights

Notwithstanding any language to the contrary in the Disclosure Statement, Plan and/or Combined Order, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, Causes of Action, proceedings or investigations against any non-Debtor Person or non-Debtor Entity in any forum.

**<u>EXHIBIT 2</u>**

Form of Ballot for Class 3 (Term Loan Claims)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| --------------------------------------------------------- x | : | Chapter 11 |
| In re: | : | |
| | : | IMPORTANT:   No chapter 11 case has been commenced as of the date of distribution of this ballot. This ballot is a prepetition solicitation of your vote on a prepackaged plan of reorganization. |
| THE CONTAINER STORE GROUP, INC., *et al.*, | : | |
| Debtors. [1] | : | |
| | : | |
| | : | If chapter 11 cases are commenced, the Debtors will request joint administration of such cases. |
| --------------------------------------------------------- :x | | |

## BALLOT FOR HOLDERS IN

## CLASS 3 (TERM LOAN CLAIMS)

## FOR VOTING TO ACCEPT OR
## REJECT THE JOINT PREPACKAGED PLAN OF
## REORGANIZATION OF THE CONTAINER STORE GROUP, INC. AND
## ITS DEBTOR AFFILIATES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

| |
|---|
| **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS JANUARY 21, 2025 AT 4:00 P.M. (PREVAILING CENTRAL TIME) (the "*Voting Deadline*")** |

The Container Store Group, Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "*Debtors*") are sending this ballot (the "*Ballot*") in order to solicit your vote to accept or reject the *Prepackaged Joint Plan of Reorganization of The Container Store Group, Inc. and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code*, dated December 21, 2024 (as may be amended, modified, or supplemented from time to time, the "*Plan*").[2]  The Plan is attached as Exhibit A to the proposed *Disclosure Statement for Prepackaged Joint Plan of Reorganization of The Container Store Group, Inc. and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time, the "*Disclosure Statement*"), which accompanies this Ballot and has also been posted on the Debtors' case information website (located at www.veritaglobal.net/thecontainerstore).   The Disclosure Statement provides information to assist you in deciding how to vote on the Plan.  The Debtors' case information website allows Holders to electronically submit a vote on the Plan.  On the date on which the Chapter 11 Cases (as defined below) are commenced (the "*Petition Date*"),

---

[1]   The Debtors in these cases, together with the last four digits of each Debtor's taxpayer identification number, are: The Container Store Group, Inc. (5401); The Container Store, Inc. (6981); C Studio Manufacturing Inc. (4763); C Studio Manufacturing LLC (5770); and TCS Gift Card Services, LLC (7975).  The Debtors' mailing address is 500 Freeport Parkway, Coppell, TX 75019.

[2]   Capitalized terms used but not defined herein have the meanings given to them in the Plan.

the case information website will be updated to include important information, hearing dates, and other key deadlines, as well as the docket for the Chapter 11 Cases (which will be available for review and download, free of charge).

The Disclosure Statement provides information to assist Holders of Claims in the Voting Class in deciding whether to accept or reject the Plan.  If you have not received or wish to obtain additional copies of the Disclosure Statement, please contact the Debtors' solicitation agent, Kurtzman Carson Consultants, LLC d/b/a Verita Global (the "***Solicitation Agent***" or "***Verita***"), via email at TCSInfo@veritaglobal.com.

This Ballot is being submitted to Holders, as of December 18, 2024 (the "***Voting Record Date***"), of any Term Loan Claims in Class 3.  "***Term Loan Claims***" include any Claim arising under or related to the Term Loan Credit Agreement.  In order for your vote in Class 3 to count, you must either (a) complete and submit your vote through the Solicitation Agent's E-Ballot platform or (b) complete and return this paper Ballot in accordance with the instructions set forth herein, in each case, so that your Ballot is received by the Solicitation Agent on or before the Voting Deadline.

The Debtors have not yet filed for relief under chapter 11 of the Bankruptcy Code and no court has approved the Disclosure Statement or the Plan.  As described in the Disclosure Statement, the Debtors intend to commence cases (the "***Chapter 11 Cases***") under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") following the commencement of this solicitation. If the Debtors commence the Chapter 11 Cases, the Plan may be confirmed by the United States Bankruptcy Court for the Southern District of Texas (the "***Court***") if:  (a) it is accepted by at least two-thirds (2/3) of the aggregate principal amount and more than one-half (1/2) in number of the Holders of Term Loan Claims voting in Class 3, and (b) the Plan otherwise satisfies the applicable requirements of section 1129 of the Bankruptcy Code.

If the Plan is confirmed by the Court and the Effective Date occurs, the Plan will be binding on all Holders of Term Loan Claims whether or not a Holder of a Term Loan Claim returns a Ballot or votes to reject the Plan.

This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than (a) to cast a vote to accept or reject the Plan and/or (b) to opt out of the Third-Party Release as set forth in <u>Appendix A</u>.

If you have any questions regarding the Ballot or how to properly complete this Ballot, please contact the Solicitation Agent via email at TCSInfo@veritaglobal.com.

**IMPORTANT NOTICE REGARDING TREATMENT
FOR HOLDERS OF CLASS 3 TERM LOAN CLAIMS**

As described in more detail in the Disclosure Statement and Plan, if the Chapter 11 Cases are commenced, the Plan is confirmed, and the Effective Date occurs, then on the Effective Date, each Holder of an Allowed Term Loan Claim shall receive, in full and final satisfaction, settlement, release, and discharge and in exchange for each Allowed Term Loan Claim, its Pro Rata Share of the New Equity Interests, subject to dilution by the Management Incentive Plan and the DIP Participation Premium.

The Term Loan Claims will be deemed Allowed in the aggregate principal amount of $163,125,321.74.

**Please be advised that if the Plan is consummated, Holders of Class 3 Term Loan Claims will be bound by the injunction and exculpation provisions contained in Article IX of the Plan and set forth in <u>Appendix A</u>, and if such Holders do not opt out of the Third-Party Release will be deemed to have granted such releases.**

[*Remainder of page left intentionally blank*]

3

**<u>IMPORTANT</u>**

**YOU SHOULD CAREFULLY REVIEW THE DISCLOSURE STATEMENT AND PLAN BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND THE CLASSIFICATION AND TREATMENT OF YOUR CLAIMS UNDER THE PLAN.**

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO (AND WILL NOT) PROVIDE LEGAL ADVICE.**

**VOTING RECORD DATE: DECEMBER 18, 2024**

**VOTING DEADLINE: 4:00 P.M. PREVAILING CENTRAL TIME ON JANUARY 21, 2025**

**YOU ARE STRONGLY ENCOURAGED TO USE THE SOLICITATION AGENT'S E-BALLOT PLATFORM TO SUBMIT YOUR VOTE AND YOUR OPT-OUT ELECTIONS. IF YOU SUBMIT YOUR VOTE AND OPT-OUT ELECTIONS THROUGH THE E-BALLOT PLATFORM, YOU SHOULD <u>NOT</u> RETURN A PAPER BALLOT.**

---

**IF THE SOLICITATION AGENT DOES NOT <u>ACTUALLY RECEIVE</u> YOUR BALLOT BY THE VOTING DEADLINE (WHETHER CAST THROUGH THE E-BALLOT PLATFORM OR IN HARD COPY), YOUR VOTE WILL NOT BE COUNTED, UNLESS SUCH DEADLINE IS EXTENDED BY THE DEBTORS, AND ANY ELECTION TO OPT OUT OF THE THIRD-PARTY RELEASE WILL NOT BE VALID.**

**YOU SHOULD NOT SEND YOUR BALLOT TO ANY OF THE DEBTORS, THE DEBTORS' AGENTS (OTHER THAN THE SOLICITATION AGENT), OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS. IF SO SENT, THE BALLOT WILL NOT BE COUNTED IN CONNECTION WITH THE PLAN.**

**IF THE PLAN IS CONFIRMED BY THE COURT, IT WILL BE BINDING UPON YOU WHETHER OR NOT YOU VOTE.**

[*Remainder of page left intentionally blank*]

## INSTRUCTIONS FOR VOTING ONLINE THROUGH
## THE SOLICITATION AGENT'S E-BALLOT PLATFORM

You may return your Ballot by electronic, online transmission <u>solely</u> by clicking on the "Submit E-Ballot" section on the Debtors' solicitation website (www.veritaglobal.net/thecontainerstore) and following the directions set forth on the website regarding submitting your E-Ballot as described more fully below.  Please choose only ONE method of return for your Ballot.

1.  Please      visit      the      Debtors'      solicitation      website      at www.veritaglobal.net/thecontainerstore.
2.  Click on the "Submit E-Ballot" section of the Debtors' case website.
3.  Follow the directions to submit your E-Ballot. If you choose to submit your Ballot via the Solicitation Agent's E-Ballot system, you should **not** return a hard copy of your Ballot.

**IMPORTANT NOTE: YOU WILL NEED THE FOLLOWING INFORMATION TO RETRIEVE AND SUBMIT YOUR CUSTOMIZED E-BALLOT:**

**UNIQUE E-BALLOT ID#** _____

**UNIQUE E-BALLOT PIN** _____

"E-BALLOTING" IS THE SOLE MANNER IN WHICH BALLOTS MAY BE DELIVERED VIA ELECTRONIC TRANSMISSION.

**BALLOTS SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE COUNTED.**

**HOLDERS OF CLASS 3 TERM LOAN CLAIMS ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOTS VIA THE E-BALLOT PLATFORM.**

[*Remainder of page left intentionally blank*]

5

## INSTRUCTIONS FOR VOTING BY MAIL

1. Complete Items 1 and 2.
2. If you wish to opt out of the Third-Party Release, complete Item 3.
3. Review the certification contained in Item 4.
4. **Sign and date the Ballot and fill out the other required information.**
5. You must vote the full amount of all of your Class 3 Term Loan Claims *either* to accept *or* reject the Plan. You may not split your vote.
6. The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder, (b) any Ballot cast by a Person that does not hold a Claim in Class 3, (c) any unsigned Ballot, (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan, and (e) any Ballot that attempts to partially accept and partially reject the Plan.
7. If the Ballot is received after the Voting Deadline, it will not be counted, unless otherwise determined by the Debtors. Ballots may be delivered by first class mail, overnight courier, or personal delivery. The method of delivery of the Ballot to the Solicitation Agent is at your election and risk.
8. Unless otherwise directed by the Court, all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawals of Ballots will be determined by the Solicitation Agent and/or the Debtors, which determination will be final and binding. The Debtors reserve the right to reject any and all Ballots submitted by any of their respective creditors not in proper form, the acceptance of which would, in the opinion of the Debtors or their counsel, as applicable, be unlawful. The Debtors further reserve their respective rights to waive any defects or irregularities or conditions of delivery as to any particular Ballot by any of their creditors. The interpretation (including the Ballot and the respective instructions thereto) by the applicable Debtor, unless otherwise directed by the Court, will be final and binding on all parties. Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Court) determines. Neither the Debtors nor any other Person will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will be invalidated.
9. The Ballot should not be sent to the Debtors, the Court, or the Debtors' financial or legal advisors.
10. This Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you in the event that (a) the Debtors revoke or withdraw the Plan, or (b) the Combined Order is not entered or consummation of the Plan does not occur.
11. There may be changes made to the Plan that do not have material adverse effects on an accepting Class. If such non-material changes are made to the Plan, the Debtors will not resolicit votes for acceptance or rejection of the Plan

12. If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim before the Voting Deadline, the last, timely received, and valid Ballot, regardless of the manner of submission, will supersede and revoke any earlier-received Ballot.

13. The method of delivery of a Ballot to the Solicitation Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made, regardless of the manner of delivery, only when the Solicitation Agent **actually receives** the properly completed Ballot.  In all cases, Holders should allow sufficient time to assure timely delivery of their Ballots.

14. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT, ANY SUPPLEMENTAL INFORMATION PROVIDED BY THE DEBTORS, OR OTHER MATERIALS AUTHORIZED BY THE COURT.

**YOUR COMPLETED BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT BY THE VOTING DEADLINE VIA THE E-BALLOT PLATFORM, AS DIRECTED ABOVE, OR IN HARD COPY AT THE FOLLOWING ADDRESS:**

**TCS Ballot Processing Center**
**c/o Verita Global**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**

**IF YOU WOULD LIKE TO COORDINATE HAND DELIVERY OF YOUR BALLOT, PLEASE EMAIL TCSINFO@VERITAGLOBAL.COM (WITH "TCS SOLICITATION BALLOT DELIVERY" IN THE SUBJECT LINE) AND PROVIDE THE ANTICIPATED DATE AND TIME OF DELIVERY AT LEAST TWENTY-FOUR (24) HOURS BEFORE YOUR ARRIVAL AT THE ADDRESS ABOVE.**

**THE VOTING DEADLINE IS JANUARY 21, 2025 AT 4:00 P.M. (PREVAILING CENTRAL TIME).**

**Item. 1**        **Amount of Claim**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the holder of the following Class 3 Term Loan Claim inserted into the box below, which includes the aggregate outstanding <u>principal</u> amount without regard to any accrued but unpaid interest:

> $ _____

**Item 2.**        **Vote on Plan**

**IF YOU VOTE TO ACCEPT THE PLAN, YOUR VOTE CONSTITUTES AN ACCEPTANCE OF AND CONSENT TO THE CLASSIFICATION AND TREATMENT OF YOUR CLAIM UNDER THE PLAN.**

Regardless of whether you vote to accept or reject the Plan or if you do not cast a vote to accept or reject the Plan, please see Item 3 below and refer to <u>Appendix A</u> and Article IX of the Plan for information about the Third-Party Release.

Any Ballot that is executed by the holder of a Class 3 Term Loan Claim that indicates both an acceptance and a rejection of the Plan or does not indicate either an acceptance or rejection of the Plan will not be counted.

**The Plan, though proposed jointly, constitutes separate plans proposed by each of the Debtor entities. Your vote will count as votes for or against, as applicable, each plan proposed by each Debtor entity.**

The holder of the Class 3 Term Loan Claim identified in Item 1 votes as follows (check one box only – if you do not check a box or you check both boxes, your vote will not be counted):

> ☐ **ACCEPT** (vote FOR) the Plan.        ☐ **REJECT** (vote AGAINST) the Plan.

**Item. 3**        **Election to Opt-Out of Third-Party Release**

Regardless of whether you voted to accept or reject the Plan in Item 2 above or abstained from voting to accept or reject the Plan, you may check the box below to opt out of the Third-Party Release**. IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE BY CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED THE DEBTORS, THE REORGANIZED DEBTORS, AND THE RELEASED PARTIES AS PROVIDED IN THE PLAN. IF YOU WOULD OTHERWISE BE ENTITLED TO A RELEASE UNDER ARTICLE IX.B OR IX.C OF THE PLAN AND SET FORTH IN <u>APPENDIX A,</u> BUT YOU DO NOT GRANT THE THIRD-PARTY RELEASE BECAUSE YOU OPTED OUT, YOU WILL NOT**

**RECEIVE THE BENEFIT OF THE RELEASES SET FORTH IN ARTICLE IX.B OR IX.C OF THE PLAN. Please be advised that your decision to opt out <u>does not</u> affect the amount of distribution you will receive under the Plan. Specifically, your recovery under the Plan will be the same if you opt out; however, in the event you opt out of the Third-Party Release, you will <u>not</u> be granted a release from the Releasing Parties under the Plan.**

☐ **Opt Out** of the Third-Party Release

**Item 4.        Certification.**

By returning this Ballot, the holder of the Class 3 Term Loan Claim identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Class 3 Term Loan Claim identified in Item 1; (b) it was the holder of the Class 3 Term Loan Claim identified in Item 1 as of the Voting Record Date and/or it has full power and authority to vote to accept or reject the Plan for the Class 3 Term Loan Claim identified in Item 1; (c) it is one of the following: (i) a "qualified institutional buyer" (as such term is defined in Rule 144A of the Securities Act[3]), (ii) an "accredited investor" (as such term is defined in Rule 501 of Regulation D of the Securities Act), or (iii) for holders located outside the United States, a person other than a "U.S. person" (as defined in Rule 902(k) of Regulation S of the Securities Act) and not participating on behalf of or on account of a U.S. person; and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.

_____
Name of Holder of Class 3 Term Loan Claim

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____

---

[3]    The "***Securities Act***" means the Securities Act of 1933, 15 U.S.C. §§ 77a-77aa (as amended).

_____

City, State, Zip Code

_____

Telephone Number

_____

Email Address

_____

Date Completed

This Ballot will not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

**YOUR VOTE MUST BE ACTUALLY RECEIVED BY 4:00 P.M. (PREVAILING CENTRAL TIME) ON JANUARY 21, 2025, OR YOUR VOTE WILL NOT BE COUNTED. IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT VIA EMAIL AT TCSINFO@VERITAGLOBAL.COM.**

[*Remainder of page left intentionally blank*]

<u>Appendix A</u>

Release, Injunction, and Exculpation Provisions in the Plan[1]

---

[1]     Capitalized terms used but not defined in this <u>Appendix A</u> have the meanings given to them in the Plan.

## Article IX.

## DISCHARGE, RELEASE, INJUNCTION, AND RELATED PROVISIONS

### B. *Releases by the Debtors*

To the fullest extent permitted by applicable law and approved by the Bankruptcy Court, and except as otherwise expressly set forth in the Plan or the Combined Order, pursuant to section 1123(b) of the Bankruptcy Code, as of the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party, in each case on behalf of itself and its respective successors, assigns, and Representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, is and is deemed to be, forever and unconditionally released, and absolved by each Debtor, Reorganized Debtor, and the Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Estates, or the Reorganized Debtors that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from, in whole or in part, (1) the management, ownership, or operation of the Debtors or the Non-Debtor Affiliates, (2) the purchase, sale, or rescission of any security of the Debtors or the Non-Debtor Affiliates, (3) the subject matter of, or the transactions, events, circumstances, acts or omissions giving rise to, any Claim or Interest that is treated in the Restructuring Transactions, including the negotiation, formulation, or preparation of the Restructuring Transactions, (4) the business or contractual arrangements between any Debtor or Non-Debtor Affiliate and any other Entity, (5) the Debtors' and Non-Debtor Affiliates' in- or out-of-court restructuring efforts, (6) intercompany transactions, (7) the formulation, preparation, dissemination, negotiation, filing, or consummation of the Plan, the Disclosure Statement, the Transaction Support Agreement, the Definitive Documents, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), the Chapter 11 Cases, or any Restructuring Transaction, (8) any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Transaction Support Agreement, the Definitive Documents, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), the Chapter 11 Cases, the pursuit of Confirmation of the Plan, the administration and implementation of the Plan, or the Restructuring Transactions, including the issuance or distribution of Securities pursuant to the Plan, (9) the distribution, including any disbursements made by a Distribution Agent, of property under the Plan or any other related agreement, or (10) any other act or omission, transaction, agreement, event, or other occurrence related to any of the foregoing and taking place on or before the Effective Date; provided, that the Debtors do not release Claims or Causes of Action (1) that are of a commercial nature and arising in the ordinary course of business, such as accounts receivable and accounts payable on account of goods and services being performed or (2) arising out of, or related to, any act or omission of a Released Party that is determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have

constituted actual fraud, gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud (but not, for the avoidance of doubt, fraudulent transfers), gross negligence, or willful misconduct).  Notwithstanding anything to the contrary in the foregoing, the Releases set forth above do not release (1) any obligations of any Person or Entity under the Plan, the Combined Order, any other Definitive Document, any Restructuring Transaction, any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, or any agreement, Claim, or obligation arising or assumed under the Plan or (2) any Causes of Action specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action.

Entry of the Combined Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable consideration provided by each of the Released Parties, including the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (2) a good-faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

### C. *Releases by Holders of Claims and Interests*

To the extent permitted by applicable law and approved by the Bankruptcy Court, and except as otherwise expressly set forth in the Plan or the Combined Order, as of the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party, in each case on behalf of itself and its respective successors, assigns, and Representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, has and is deemed to have, forever and unconditionally, released, and absolved each Released Party from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Estates, or the Reorganized Debtors that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor, based on or relating to, or in any manner arising from, in whole or in part, (1) the management, ownership, or operation of the Debtors or the Non-Debtor Affiliates, (2) the purchase, sale, or rescission of any Security of the Debtors or the Non-Debtor Affiliates, (3) the subject matter of, or the transactions, events, circumstances, acts or omissions giving rise to, any Claim or Interest that is treated in the Restructuring Transactions, including the negotiation, formulation, or preparation of the Restructuring Transactions, (4) the business or contractual arrangements between any Debtor or Non-Debtor Affiliate and any other Entity, (5) the Debtors' and Non-Debtor Affiliates' in- or out-of-court restructuring efforts, (6) intercompany transactions, (7) the formulation, preparation, dissemination, negotiation, filing, or consummation of the Plan,

the Disclosure Statement, the Transaction Support Agreement, the Definitive Documents, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), the Chapter 11 Cases, or any Restructuring Transaction, (8) any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Transaction Support Agreement, the Definitive Documents, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), the Chapter 11 Cases, the pursuit of Confirmation of the Plan, the administration and implementation of the Plan, or the Restructuring Transactions, including the issuance or distribution of Securities pursuant to the Plan, (9) the distribution, including any disbursements made by a Distribution Agent, of property under the Plan or any other related agreement, or (10) any other act, or omission, transaction, agreement, event, or other occurrence relating to any of the foregoing and taking place on or before the Effective Date; provided, that the Releasing Parties do not release Claims or Causes of Action (1) arising out of, or related to, any act or omission of a Released Party that is determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted actual fraud (but not, for the avoidance of doubt, fraudulent transfers), gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud, gross negligence, or willful misconduct) or (2) against a Released Party arising from any obligations owed to the Releasing Party that are wholly unrelated to the Debtors or the Reorganized Debtors. Notwithstanding anything to the contrary in the foregoing, the Releases set forth above do not release (1) any obligations of any Person or Entity under the Plan, the Combined Order, any other Definitive Document, any Restructuring Transaction, any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, or any agreement, claim, or obligation arising or assumed under the Plan or (2) any Causes of Action specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action.

Entry of the Combined Order shall constitute the Bankruptcy Court's approval of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) given and made after due notice and opportunity for hearing; and (3) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release.

### D. Exculpation

Effective as of the Effective Date, to the fullest extent permitted by law, the Exculpated Parties shall neither have nor incur any liability to any Person or Entity for any Claims or Causes of Action for any act taken or omitted to be taken between the Petition Date and the Effective Date in connection with, or related to, formulating, negotiating, preparing, disseminating, implementing, administering, confirming or effecting the Confirmation or consummation (as applicable) of the Plan, the Transaction Support Agreement, and the Disclosure Statement including any disbursements made by a Distribution Agent in connection with the Plan, the Disclosure Statement, the Definitive

Documents, the Plan Supplement, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Plan or any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors, the approval of the Disclosure Statement or Confirmation or consummation of the Plan; provided, that the foregoing provisions of this exculpation shall not operate to waive or release: (1) any Claims or Causes of Action arising from willful misconduct, actual fraud (but not, for the avoidance of doubt, fraudulent transfers), or gross negligence of such applicable Exculpated Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction; and/or (2) the rights of any Person or Entity to enforce the Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with the Plan or assumed pursuant to the Plan or Final Order of the Bankruptcy Court; provided, further, that each Exculpated Party shall be entitled to rely upon the advice of counsel concerning its respective duties pursuant to, or in connection with, the above referenced documents, actions, or inactions.

The Exculpated Parties have, and upon consummation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

The foregoing exculpation shall be effective as of the Effective Date without further notice to or order of the Bankruptcy Court, act, or action under applicable law, regulation, order, or rule or the vote, consent, authorization, or approval of any Person or Entity.  For the avoidance of doubt and notwithstanding anything else herein, the foregoing exculpation shall be limited to Persons that served as Estate fiduciaries during the Chapter 11 Cases.

### E. Permanent Injunction

Except as otherwise expressly provided in the Transaction Support Agreement, the Plan or the Combined Order, from and after the Effective Date, all Persons and Entities are, to the fullest extent provided under Section 524 and other applicable provisions of the Bankruptcy Code, permanently enjoined from (1) commencing or continuing, in any manner or in any place, any suit, action or other proceeding of any kind; (2) enforcing, attaching, collecting, or recovering in any manner or means any judgment, award, decree, or order; (3) creating, perfecting, or enforcing any Lien or encumbrance; (4) asserting a right of setoff or subrogation of any kind; or (5) commencing or continuing in any manner any action or other proceeding of any kind, in each case on account of or with respect to any Claim, demand, liability, obligation, debt, right, Cause of Action, Interest, or remedy released or to be released, exculpated or to be exculpated, settled or to be settled, or discharged or to be discharged pursuant to the Plan or the Combined Order against any Person or Entity so released, discharged, or exculpated (or the property or estate of any Person or Entity so released, discharged, or exculpated).  All injunctions or stays provided for in the Chapter 11

Cases under Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

No Person or Entity may commence or pursue a Claim or Cause of Action, as applicable, of any kind against the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action, as applicable, subject to Article IX thereof, without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action, as applicable, represents a colorable Claim of any kind, and (ii) specifically authorizing such Person or Entity to bring such Claim or Cause of Action, as applicable, against any such Debtor, Reorganized Debtor, Exculpated Party, or Released Party, as applicable. At the hearing for the Bankruptcy Court to determine whether such Claim or Cause of Action represents a colorable Claim of any kind, the Bankruptcy Court may, or shall if any Debtor, Reorganized Debtor, Exculpated Party, Released Party, or other party in interest requests by motion (oral motion being sufficient), direct that such Person or Entity seeking to commence or pursue such Claim or Cause of Action file a proposed complaint with the Bankruptcy Court embodying such Claim or Cause of Action, such complaint satisfying the applicable Rules of Federal Procedure, including, but not limited to, Rule 8 and Rule 9 (as applicable), which the Bankruptcy Court shall assess before making a determination. For the avoidance of doubt, any party that obtains such determination and authorization and subsequently wishes to amend the authorized complaint or petition to add any Claims or Causes of Action not explicitly included in the authorized complaint or petition must obtain authorization from the Bankruptcy Court before filing any such amendment in the court where such complaint or petition is pending. The Bankruptcy Court reserves jurisdiction to adjudicate any such claims to the maximum extent provided by the law.

### F.  SEC Reservation of Rights

Notwithstanding any language to the contrary in the Disclosure Statement, Plan and/or Combined Order, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, Causes of Action, proceedings or investigations against any non-Debtor Person or non-Debtor Entity in any forum.

**EXHIBIT 3**

Non-Voting Status Notice

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

---------------------------------------------------------- x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| THE CONTAINER STORE GROUP, INC., *et al.*, | : | Case No. 24-90627 (ARP) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |
|  | : |  |

---------------------------------------------------------- :x

## NON-VOTING STATUS NOTICE

     **PLEASE TAKE NOTICE** that The Container Store Group, Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "***Debtors***"), have commenced chapter 11 cases in the United States Bankruptcy Court for the Southern District of Texas (the "***Court***") and have commenced the solicitation of votes, in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "***Bankruptcy Code***"), to accept or reject the *Prepackaged Joint Plan of Reorganization of The Container Store Group, Inc. and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code*, dated December 21, 2024 (as may be amended, modified, or supplemented from time to time, the "***Plan***"),[2] attached as Exhibit A to the *Disclosure Statement for Prepackaged Joint Plan of Reorganization of The Container Store Group, Inc. and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code*, dated December 21, 2024 (as may be amended, modified, or supplemented from time to time, the "***Disclosure Statement***") from Holders of Claims in Class 3 thereunder.

     **PLEASE TAKE FURTHER NOTICE** that you are receiving this notice as a Holder or potential Holder of a Claim against or Interest in one or more of the Debtors that, due to the nature and treatment of such Claim or Interest under the Plan, *is **not** entitled to vote on the Plan*. Specifically, under the terms of the Plan, Claims in Classes 1, 2, and 4 are Unimpaired under the Plan and, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to accept the Plan. Claims and Interests in Classes 6 and 7, respectively, are either Unimpaired or Impaired under the Plan and are conclusively presumed to accept or deemed to reject the Plan. Claims and Interests in Classes 5 and 8, respectively (collectively with Classes 1, 2, 4, 6, and 7, the "***Non-Voting Classes***") are Impaired under the Plan with no recovery and, pursuant to section 1126(g) of the Bankruptcy Code, are deemed to reject the Plan.

---

[1]    The Debtors in these cases, together with the last four digits of each Debtor's taxpayer identification number, are: The Container Store Group, Inc. (5401); The Container Store, Inc. (6981); C Studio Manufacturing Inc. (4763); C Studio Manufacturing LLC (5770); and TCS Gift Card Services, LLC (7975). The Debtors' mailing address is 500 Freeport Parkway, Coppell, TX 75019.

[2]    Capitalized terms used but not defined herein have the meanings given to them in the Plan.

**PLEASE TAKE FURTHER NOTICE** that the Plan contains certain release, exculpation, and injunction provisions, set forth in <u>Appendix A</u>.  You are advised and encouraged to carefully review and consider the Plan, including the release, exculpation, and injunction provisions, as your rights might be affected.

**PLEASE TAKE FURTHER NOTICE** that if you do not opt out of granting the Third-Party Release by following the instructions contained in the attached Release Opt-Out Form, you will automatically be deemed to have consented to the Third-Party Release set forth in Article IX.C of the Plan.

**PLEASE TAKE FURTHER NOTICE** that parties to Executory Contracts and Unexpired Leases assumed by the Debtors pursuant to the Plan shall not be required to file a Proof of Claim or objection in order to assert or preserve any Cure Cost.  Notwithstanding anything to the contrary in the Plan, all Cure Costs shall be Unimpaired by the Plan and all Cure Cost outstanding as of the Effective Date shall remain continuing obligations of the Reorganized Debtors following the Effective Date subject to all parties' rights and defenses with respect thereto.

**PLEASE TAKE FURTHER NOTICE** that the Plan, Disclosure Statement, and related documents are accessible, free of charge, on the following website maintained by the Debtors' claims, balloting, and noticing agent, Kurtzman Carson Consultants, LLC d/b/a Verita Global (the "***Solicitation Agent***" or "***Verita***"): www.veritaglobal.net/thecontainerstore. Copies of the Plan, Disclosure Statement, and related documents may also be obtained free of charge:  (a) by contacting the Solicitation Agent by phone at (888) 251-3046 (U.S. / Canada, toll-free) or (310) 751-2615 (International, toll); or (b) by email at TCSInfo@veritaglobal.com.  The Plan, Disclosure Statement, and related documents are also available for a fee through the Court's electronic case filing system at www.txs.uscourts.gov using a PACER password (to obtain a PACER password, go to the PACER website at http://pacer.psc.uscourts.gov).

If you have questions regarding this notice you should contact the Solicitation Agent as set forth above.

[*Remainder of page left intentionally blank*]

2

Dated:  [ ● ], 2024
      Houston, Texas

Respectfully submitted,

*/s/*

**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)
Ashley L. Harper (Texas Bar No. 24065272)
Philip M. Guffy (Texas Bar No. 24113705)
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone:  (713) 220-4200
Email:  taddavidson@HuntonAK.com
      ashleyharper@HuntonAK.com
      pguffy@HuntonAK.com

- and -

**LATHAM & WATKINS LLP**
George A. Davis (NY Bar No. 2401214)
Hugh Murtagh (*pro hac vice* pending)
Tianjiao (TJ) Li (NY Bar No. 5689567)
Jonathan J. Weichselbaum (NY Bar No. 5676143)
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:  george.davis@lw.com
      hugh.murtagh@lw.com
      tj.li@lw.com
      jon.weichselbaum@lw.com

Ted A. Dillman (*pro hac vice* pending)
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone:  (213) 485-1234
Email:  ted.dillman@lw.com

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

3

Appendix A

Release, Injunction, and Exculpation Provisions in the Plan[1]

---

[1]    Capitalized terms used but not defined in this Appendix A have the meanings given to them in the Plan.

**Article IX.**

**DISCHARGE, RELEASE, INJUNCTION, AND RELATED PROVISIONS**

**B.** *Releases by the Debtors*

To the fullest extent permitted by applicable law and approved by the Bankruptcy Court, and except as otherwise expressly set forth in the Plan or the Combined Order, pursuant to section 1123(b) of the Bankruptcy Code, as of the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party, in each case on behalf of itself and its respective successors, assigns, and Representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, is and is deemed to be, forever and unconditionally released, and absolved by each Debtor, Reorganized Debtor, and the Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Estates, or the Reorganized Debtors that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from, in whole or in part, (1) the management, ownership, or operation of the Debtors or the Non-Debtor Affiliates, (2) the purchase, sale, or rescission of any security of the Debtors or the Non-Debtor Affiliates, (3) the subject matter of, or the transactions, events, circumstances, acts or omissions giving rise to, any Claim or Interest that is treated in the Restructuring Transactions, including the negotiation, formulation, or preparation of the Restructuring Transactions, (4) the business or contractual arrangements between any Debtor or Non-Debtor Affiliate and any other Entity, (5) the Debtors' and Non-Debtor Affiliates' in- or out-of-court restructuring efforts, (6) intercompany transactions, (7) the formulation, preparation, dissemination, negotiation, filing, or consummation of the Plan, the Disclosure Statement, the Transaction Support Agreement, the Definitive Documents, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), the Chapter 11 Cases, or any Restructuring Transaction, (8) any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Transaction Support Agreement, the Definitive Documents, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), the Chapter 11 Cases, the pursuit of Confirmation of the Plan, the administration and implementation of the Plan, or the Restructuring Transactions, including the issuance or distribution of Securities pursuant to the Plan, (9) the distribution, including any disbursements made by a Distribution Agent, of property under the Plan or any other related agreement, or (10) any other act or omission, transaction, agreement, event, or other occurrence related to any of the foregoing and taking place on or before the Effective Date; provided, that the Debtors do not release Claims or Causes of Action (1) that are of a commercial nature and arising in the ordinary course of business, such as accounts receivable and accounts payable on account of goods and services being performed or (2) arising out of, or related to, any act or omission of a Released Party that is determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have

constituted actual fraud, gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud (but not, for the avoidance of doubt, fraudulent transfers), gross negligence, or willful misconduct). Notwithstanding anything to the contrary in the foregoing, the Releases set forth above do not release (1) any obligations of any Person or Entity under the Plan, the Combined Order, any other Definitive Document, any Restructuring Transaction, any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, or any agreement, Claim, or obligation arising or assumed under the Plan or (2) any Causes of Action specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action.

Entry of the Combined Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable consideration provided by each of the Released Parties, including the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (2) a good-faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

### C. *Releases by Holders of Claims and Interests*

To the extent permitted by applicable law and approved by the Bankruptcy Court, and except as otherwise expressly set forth in the Plan or the Combined Order, as of the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party, in each case on behalf of itself and its respective successors, assigns, and Representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, has and is deemed to have, forever and unconditionally, released, and absolved each Released Party from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Estates, or the Reorganized Debtors that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor, based on or relating to, or in any manner arising from, in whole or in part, (1) the management, ownership, or operation of the Debtors or the Non-Debtor Affiliates, (2) the purchase, sale, or rescission of any Security of the Debtors or the Non-Debtor Affiliates, (3) the subject matter of, or the transactions, events, circumstances, acts or omissions giving rise to, any Claim or Interest that is treated in the Restructuring Transactions, including the negotiation, formulation, or preparation of the Restructuring Transactions, (4) the business or contractual arrangements between any Debtor or Non-Debtor Affiliate and any other Entity, (5) the Debtors' and Non-Debtor Affiliates' in- or out-of-court restructuring efforts, (6) intercompany transactions, (7) the formulation, preparation, dissemination, negotiation, filing, or consummation of the Plan,

the Disclosure Statement, the Transaction Support Agreement, the Definitive Documents, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), the Chapter 11 Cases, or any Restructuring Transaction, (8) any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Transaction Support Agreement, the Definitive Documents, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), the Chapter 11 Cases, the pursuit of Confirmation of the Plan, the administration and implementation of the Plan, or the Restructuring Transactions, including the issuance or distribution of Securities pursuant to the Plan, (9) the distribution, including any disbursements made by a Distribution Agent, of property under the Plan or any other related agreement, or (10) any other act, or omission, transaction, agreement, event, or other occurrence relating to any of the foregoing and taking place on or before the Effective Date; provided, that the Releasing Parties do not release Claims or Causes of Action (1) arising out of, or related to, any act or omission of a Released Party that is determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted actual fraud (but not, for the avoidance of doubt, fraudulent transfers), gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud, gross negligence, or willful misconduct) or (2) against a Released Party arising from any obligations owed to the Releasing Party that are wholly unrelated to the Debtors or the Reorganized Debtors. Notwithstanding anything to the contrary in the foregoing, the Releases set forth above do not release (1) any obligations of any Person or Entity under the Plan, the Combined Order, any other Definitive Document, any Restructuring Transaction, any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, or any agreement, claim, or obligation arising or assumed under the Plan or (2) any Causes of Action specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action.

Entry of the Combined Order shall constitute the Bankruptcy Court's approval of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) given and made after due notice and opportunity for hearing; and (3) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release.

### D. Exculpation

Effective as of the Effective Date, to the fullest extent permitted by law, the Exculpated Parties shall neither have nor incur any liability to any Person or Entity for any Claims or Causes of Action for any act taken or omitted to be taken between the Petition Date and the Effective Date in connection with, or related to, formulating, negotiating, preparing, disseminating, implementing, administering, confirming or effecting the Confirmation or consummation (as applicable) of the Plan, the Transaction Support Agreement, and the Disclosure Statement including any disbursements made by a Distribution Agent in connection with the Plan, the Disclosure Statement, the Definitive

Documents, the Plan Supplement, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Plan or any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors, the approval of the Disclosure Statement or Confirmation or consummation of the Plan; provided, that the foregoing provisions of this exculpation shall not operate to waive or release: (1) any Claims or Causes of Action arising from willful misconduct, actual fraud (but not, for the avoidance of doubt, fraudulent transfers), or gross negligence of such applicable Exculpated Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction; and/or (2) the rights of any Person or Entity to enforce the Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with the Plan or assumed pursuant to the Plan or Final Order of the Bankruptcy Court; provided, further, that each Exculpated Party shall be entitled to rely upon the advice of counsel concerning its respective duties pursuant to, or in connection with, the above referenced documents, actions, or inactions.

The Exculpated Parties have, and upon consummation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

The foregoing exculpation shall be effective as of the Effective Date without further notice to or order of the Bankruptcy Court, act, or action under applicable law, regulation, order, or rule or the vote, consent, authorization, or approval of any Person or Entity. For the avoidance of doubt and notwithstanding anything else herein, the foregoing exculpation shall be limited to Persons that served as Estate fiduciaries during the Chapter 11 Cases.

### E. Permanent Injunction

Except as otherwise expressly provided in the Transaction Support Agreement, the Plan or the Combined Order, from and after the Effective Date, all Persons and Entities are, to the fullest extent provided under Section 524 and other applicable provisions of the Bankruptcy Code, permanently enjoined from (1) commencing or continuing, in any manner or in any place, any suit, action or other proceeding of any kind; (2) enforcing, attaching, collecting, or recovering in any manner or means any judgment, award, decree, or order; (3) creating, perfecting, or enforcing any Lien or encumbrance; (4) asserting a right of setoff or subrogation of any kind; or (5) commencing or continuing in any manner any action or other proceeding of any kind, in each case on account of or with respect to any Claim, demand, liability, obligation, debt, right, Cause of Action, Interest, or remedy released or to be released, exculpated or to be exculpated, settled or to be settled, or discharged or to be discharged pursuant to the Plan or the Combined Order against any Person or Entity so released, discharged, or exculpated (or the property or estate of any Person or Entity so released, discharged, or exculpated). All injunctions or stays provided for in the Chapter 11

Cases under Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

No Person or Entity may commence or pursue a Claim or Cause of Action, as applicable, of any kind against the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action, as applicable, subject to Article IX thereof, without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action, as applicable, represents a colorable Claim of any kind, and (ii) specifically authorizing such Person or Entity to bring such Claim or Cause of Action, as applicable, against any such Debtor, Reorganized Debtor, Exculpated Party, or Released Party, as applicable. At the hearing for the Bankruptcy Court to determine whether such Claim or Cause of Action represents a colorable Claim of any kind, the Bankruptcy Court may, or shall if any Debtor, Reorganized Debtor, Exculpated Party, Released Party, or other party in interest requests by motion (oral motion being sufficient), direct that such Person or Entity seeking to commence or pursue such Claim or Cause of Action file a proposed complaint with the Bankruptcy Court embodying such Claim or Cause of Action, such complaint satisfying the applicable Rules of Federal Procedure, including, but not limited to, Rule 8 and Rule 9 (as applicable), which the Bankruptcy Court shall assess before making a determination. For the avoidance of doubt, any party that obtains such determination and authorization and subsequently wishes to amend the authorized complaint or petition to add any Claims or Causes of Action not explicitly included in the authorized complaint or petition must obtain authorization from the Bankruptcy Court before filing any such amendment in the court where such complaint or petition is pending. The Bankruptcy Court reserves jurisdiction to adjudicate any such claims to the maximum extent provided by the law.

### F.   SEC Reservation of Rights

Notwithstanding any language to the contrary in the Disclosure Statement, Plan and/or Combined Order, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, Causes of Action, proceedings or investigations against any non-Debtor Person or non-Debtor Entity in any forum.

# **EXHIBIT 4A**

Release Opt-Out Form (General)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

---------------------------------------------------------- x
                                                           :
In re:                                                     :   Chapter 11
                                                           :
THE CONTAINER STORE GROUP, INC., *et al.*, :   Case No. 24-90627 (ARP)
                                                           :
          Debtors.[1]                                      :   (Jointly Administered)
                                                           :
---------------------------------------------------------- x

**RELEASE OPT-OUT FORM FOR HOLDERS OF**
**<u>CLAIMS AND CERTAIN INTERESTS IN NON-VOTING CLASSES</u>**

> **You are receiving this Release Opt-Out Form because your rights may be affected under the Plan.  Due to the nature and treatment of your Claim or Interest under the Plan, you are not entitled to vote on the Plan.**
>
> **You are hereby given notice and the opportunity to opt out of granting the Third-Party Release set forth in Article IX.C of the Plan and described in <u>Appendix A</u>.  If you do not opt out of granting the Third-Party Release by following the instructions contained in this notice, you will automatically be deemed to have consented to the Third-Party Release set forth in Article IX.C of the Plan.  Please be advised that your decision to opt out <u>does not</u> affect the amount of distribution you will receive under the Plan.  Specifically, your recovery under the Plan will be the same if you opt out; however, in the event you opt out of the Third-Party Release, you will <u>not</u> be granted a release from the Releasing Parties under the Plan.**
>
> **Release Opt-Out Forms must be submitted no later than <u>January 21, 2025, at 4:00 p.m. (prevailing Central Time)</u>**
>
> **You should review this notice carefully and may wish to consult legal counsel as your rights may be affected.**

*General Information Concerning this Release Opt-Out Form*

The Container Store Group, Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "***Debtors***"), have filed the *Prepackaged Joint Plan of Reorganization of The Container Store Group, Inc. and its Debtor Affiliates under Chapter 11 of the Bankruptcy*

---

[1]   The Debtors in these cases, together with the last four digits of each Debtor's taxpayer identification number, are: The Container Store Group, Inc. (5401); The Container Store, Inc. (6981); C Studio Manufacturing Inc. (4763); C Studio Manufacturing LLC (5770); and TCS Gift Card Services, LLC (7975).  The Debtors' mailing address is 500 Freeport Parkway, Coppell, TX 75019.

*Code* [Docket No. [ ● ]] (as it may be amended, modified, or supplemented from time to time, the "***Plan***"), which is described in the *Disclosure Statement for Prepackaged Joint Plan of Reorganization of The Container Store Group, Inc. and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code* [Docket No. [ ● ]] (as it may be amended, modified, or supplemented from time to time, the "***Disclosure Statement***"), and have filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "***Bankruptcy Code***") to implement the Plan (the "***Chapter 11 Cases***") in the United States Bankruptcy Court for the Southern District of Texas (the "***Court***").[2]

You are receiving this release opt-out form (this "***Release Opt-Out Form***") because, according to the Debtors' books and records, you may be a Holder of a Claim in Class 1 (Other Secured Claims), Class 2 (ABL Claims), Class 4 (General Unsecured Claims), Class 5 (Subordinated Claims), or Class 8 (Existing Equity Interests) under the Plan. Claims in Classes 1, 2, and 4 are Unimpaired under the Plan and their Holders are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Meanwhile, Claims and Interests in Classes 5 and 8 are conclusively presumed to have rejected the Plan pursuant to section 1126(g). Therefore, Holders of Claims and Interests in Classes 1, 2, 4, 5, and 8 are not entitled to vote to accept or reject the Plan.

Article IX.C of the Plan contains certain ***third-party*** releases. This Release Opt-Out Form provides you with the opportunity to elect to opt out of the releases in Article IX.C of the Plan and set forth in Appendix A.

*Making an Alternative Election Under this Release Opt-Out Form*

Holders of Claims who take no action with respect to this Release Opt-Out Form will automatically be deemed to grant the releases contained in Article IX.C of the Plan.

You should review the Disclosure Statement and the Plan before you make any elections on this Release Opt-Out Form. You may wish to seek legal advice concerning the elections available under this Release Opt-Out Form. Copies of the Disclosure Statement and the Plan may be found on the Debtors' restructuring website at www.veritaglobal.net/thecontainerstore.

**Questions may be directed to Kurtzman Carson Consultants, LLC d/b/a Verita Global (the "*Solicitation Agent*" or "*Verita*") at (888) 251-3046 (U.S. / Canada, toll-free) or (310) 751-2615 (International, toll), or by emailing the Solicitation Agent at TCSInfo@veritaglobal.com.**

---

[2]   Capitalized terms used but not defined herein have the meanings given to them in the Plan.

## Release Opt-Out Election

**This election allows you to:**

- **OPT OUT OF THE RELEASES IN THE PLAN, WHICH WILL DISQUALIFY YOU FROM BEING SUBJECT TO AND BENEFITING FROM THE RELEASES IN ARTICLE IX OF THE PLAN.  IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE BY CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED THE DEBTORS, THE REORGANIZED DEBTORS, AND THE RELEASED PARTIES AS PROVIDED IN THE PLAN.**

**Complete and return this Form if you wish to elect to opt out of granting the releases contained in Article IX.C of the Plan and described in <u>Appendix A</u>.**

*Summary of Election*

Article IX.C of the Plan contains a third-party release that binds releasing parties, which is described in <u>Appendix A</u>.  Releasing parties include Holders of Unimpaired Claims and Existing Equity Interests that do not opt out of the releases provided for in Article IX.C of the Plan by properly completing and making an election under this Release Opt-Out Form.

## <u>IMPORTANT INFORMATION REGARDING THE RELEASE</u>

**YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES CONTAINED IN ARTICLE IX.C OF THE PLAN UNLESS YOU COMPLETE AND RETURN THIS RELEASE OPT-OUT FORM BY JANUARY 21, 2025 AT 4:00 P.M. (PREVAILING CENTRAL TIME).  Please be advised that your decision to opt out <u>does not</u> affect the amount of distribution you will receive under the Plan.  Specifically, your recovery under the Plan will be the same if you opt out; however, in the event you opt out of the Third-Party Release, you will <u>not</u> be granted a release from the Releasing Parties under the Plan.**

*Instructions for Making a Release Opt-Out Election*

If you wish to make the election and opt out of granting the releases contained in Article IX.C of the Plan and described in <u>Appendix A</u>, check the box under "Your Election" below. If your election contained in this Release Opt-Out Form is not received by the Solicitation Agent by January 21, 2025 at 4:00 p.m. (prevailing Central Time), your election will not count, your Release Opt-Out Form will not be effective, and you will be deemed to have consented to the releases provided for in Article IX.C of the Plan.  If your election is received and the opt-out box below is not checked, you will be deemed to have consented to the releases provided for in Article IX.C of the Plan.  Any opt-out election that is illegible or does not provide sufficient information to identify the Claim Holder or Interest Holder will not be valid.

All questions as to the validity, form, eligibility (including time of receipt), and acceptance and revocation of an opt-out election will be resolved by the Debtors or Reorganized Debtors (as applicable), in their sole discretion, which resolution will be final and binding.

3

If you have any questions on how to properly complete this Release Opt-Out Form, you may contact the Solicitation Agent at (888) 251-3046 (U.S. / Canada, toll-free) or (310) 751-2615 (International, toll), or by emailing the Solicitation Agent at TCSInfo@veritaglobal.com.

**IF YOU WISH TO MAKE THE OPT-OUT ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS RELEASE OUT-OUT FORM AND RETURN IT (WITH A SIGNATURE) PROMPTLY IN THE ENVELOPE PROVIDED (IF APPLICABLE) OR VIA FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

**TCS Ballot Processing Center**
**c/o Verita Global**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**

**To arrange hand delivery of your Release Opt-Out Form, please email the Solicitation Agent at TCSInfo@veritaglobal.com (with "TCS Solicitation Opt-Out Form Delivery" in the subject line) at least 24 hours prior to your arrival at the address above and provide the anticipated date and time of delivery.**

**In the alternative, to properly submit the customized electronic version of your Opt-Out Form via the Solicitation Agent's online Opt-Out Portal, please visit www.veritaglobal.net/thecontainerstore click on the "Submit Opt-Out Form" section of the website, and follow the instructions to submit your electronic Opt-Out Form.**

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Opt-Out Form:**

      **Unique E-Opt-Out Form ID#:**_____

      **Unique E-Opt-Out Form PIN:**_____

Each E-Opt-Out Form ID# is to be used solely in relation to those Interests in the Debtors or Claims held against one or more of the Debtors.  Please complete and submit an Opt-Out Form for each Unique E-Opt-Out Form ID# you receive, as applicable.

**If you choose to submit your Opt-Out Form using the Opt-Out Portal, you should NOT also submit a paper Opt-Out Form.**

**The Solicitation Agent's Opt-Out Portal is the only acceptable means of submission of Release Opt-Out Forms via electronic or online transmission.  Release Opt-Out Forms submitted by facsimile, email, or other means of electronic transmission will not be counted.**

4

*Opt-Out Election*

The undersigned, a Holder of an Other Secured Claim, ABL Claim, General Unsecured Claim, or Existing Equity Interest (other than an Existing Equity Interest held in "street name" which Interest Holder will be furnished with a different opt-out form):

☐ ELECTS TO **OPT OUT** OF THE RELEASES IN ARTICLE IX.C OF THE PLAN AND, AS A RESULT, NOT BE SUBJECT TO OR BENEFIT FROM THE RELEASES UNDER ARTICLE IX OF THE PLAN.

**IF YOU HAVE MADE THE ELECTION ABOVE, YOU MUST SIGN THE ELECTION FORM CONTAINED ON THE FOLLOWING PAGE.**

**<u>PLEASE GO TO THE FOLLOWING PAGE</u>.**

[*Remainder of page intentionally left blank.*]

## <u>Certification and Signature for Opt-Out Election</u>

**Certification.** By signing this Release Opt-Out Form, the electing Claim Holder or Interest Holder, as applicable, certifies to the Court and the Debtors:

a.  that the Holder acknowledges that the election provided for in this Release Opt-Out Form is being made pursuant to the terms and conditions set forth in the Plan;

b.  that the Holder has the full power and authority to make the election provided for in this Release Opt-Out Form with respect to its Class 1, Class 2, Class 4, Class 5, or Class 8 Claim or Interest.

Name of Holder (Please Print)   _____

Authorized Signature   _____

Name of Signatory   _____

Title, if by Authorized Agent[3]   _____

Street Address   _____

City, State, Zip Code   _____

Telephone Number   _____

Date Completed   _____

*[Remainder of page left intentionally blank]*

---

[3]  If you are completing this Release Opt-Out Form on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

Appendix A

Release, Injunction, and Exculpation Provisions in the Plan[1]

---

**Article IX.**

**DISCHARGE, RELEASE, INJUNCTION, AND RELATED PROVISIONS**

### B. *Releases by the Debtors*

To the fullest extent permitted by applicable law and approved by the Bankruptcy Court, and except as otherwise expressly set forth in the Plan or the Combined Order, pursuant to section 1123(b) of the Bankruptcy Code, as of the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party, in each case on behalf of itself and its respective successors, assigns, and Representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, is and is deemed to be, forever and unconditionally released, and absolved by each Debtor, Reorganized Debtor, and the Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Estates, or the Reorganized Debtors that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from, in whole or in part, (1) the management, ownership, or operation of the Debtors or the Non-Debtor Affiliates, (2) the purchase, sale, or rescission of any security of the Debtors or the Non-Debtor Affiliates, (3) the subject matter of, or the transactions, events, circumstances, acts or omissions giving rise to, any Claim or Interest that is treated in the Restructuring Transactions, including the negotiation, formulation, or preparation of the Restructuring Transactions, (4) the business or contractual arrangements between any Debtor or Non-Debtor Affiliate and any other Entity, (5) the Debtors' and Non-Debtor Affiliates' in- or out-of-court restructuring efforts, (6) intercompany transactions, (7) the formulation, preparation, dissemination, negotiation, filing, or consummation of the Plan, the Disclosure Statement, the Transaction Support Agreement, the Definitive Documents, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), the Chapter 11 Cases, or any Restructuring Transaction, (8) any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Transaction Support Agreement, the Definitive Documents, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), the Chapter 11 Cases, the pursuit of Confirmation of the Plan, the administration and implementation of the Plan, or the Restructuring Transactions, including the issuance or distribution of Securities pursuant to the Plan, (9) the distribution, including any disbursements made by a Distribution Agent, of property under the Plan or any other related agreement, or (10) any other act or omission, transaction, agreement, event, or other occurrence related to any of the foregoing and taking place on or before the Effective Date; provided, that the Debtors do not release Claims or Causes of Action (1) that are of a commercial nature and arising in the ordinary course of business, such as accounts receivable and accounts payable on account of goods and services being performed or (2) arising out of, or related to, any act or omission of a Released Party that is determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have

constituted actual fraud, gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud (but not, for the avoidance of doubt, fraudulent transfers), gross negligence, or willful misconduct).   Notwithstanding anything to the contrary in the foregoing, the Releases set forth above do not release (1) any obligations of any Person or Entity under the Plan, the Combined Order, any other Definitive Document, any Restructuring Transaction, any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, or any agreement, Claim, or obligation arising or assumed under the Plan or (2) any Causes of Action specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action.

Entry of the Combined Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable consideration provided by each of the Released Parties, including the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (2) a good-faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

## C. Releases by Holders of Claims and Interests

To the extent permitted by applicable law and approved by the Bankruptcy Court, and except as otherwise expressly set forth in the Plan or the Combined Order, as of the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party, in each case on behalf of itself and its respective successors, assigns, and Representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, has and is deemed to have, forever and unconditionally, released, and absolved each Released Party from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Estates, or the Reorganized Debtors that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor, based on or relating to, or in any manner arising from, in whole or in part, (1) the management, ownership, or operation of the Debtors or the Non-Debtor Affiliates, (2) the purchase, sale, or rescission of any Security of the Debtors or the Non-Debtor Affiliates, (3) the subject matter of, or the transactions, events, circumstances, acts or omissions giving rise to, any Claim or Interest that is treated in the Restructuring Transactions, including the negotiation, formulation, or preparation of the Restructuring Transactions, (4) the business or contractual arrangements between any Debtor or Non-Debtor Affiliate and any other Entity, (5) the Debtors' and Non-Debtor Affiliates' in- or out-of-court restructuring efforts, (6) intercompany transactions, (7) the formulation, preparation, dissemination, negotiation, filing, or consummation of the Plan,

the Disclosure Statement, the Transaction Support Agreement, the Definitive Documents, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), the Chapter 11 Cases, or any Restructuring Transaction, (8) any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Transaction Support Agreement, the Definitive Documents, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), the Chapter 11 Cases, the pursuit of Confirmation of the Plan, the administration and implementation of the Plan, or the Restructuring Transactions, including the issuance or distribution of Securities pursuant to the Plan, (9) the distribution, including any disbursements made by a Distribution Agent, of property under the Plan or any other related agreement, or (10) any other act, or omission, transaction, agreement, event, or other occurrence relating to any of the foregoing and taking place on or before the Effective Date; provided, that the Releasing Parties do not release Claims or Causes of Action (1) arising out of, or related to, any act or omission of a Released Party that is determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted actual fraud (but not, for the avoidance of doubt, fraudulent transfers), gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud, gross negligence, or willful misconduct) or (2) against a Released Party arising from any obligations owed to the Releasing Party that are wholly unrelated to the Debtors or the Reorganized Debtors. Notwithstanding anything to the contrary in the foregoing, the Releases set forth above do not release (1) any obligations of any Person or Entity under the Plan, the Combined Order, any other Definitive Document, any Restructuring Transaction, any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, or any agreement, claim, or obligation arising or assumed under the Plan or (2) any Causes of Action specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action.

Entry of the Combined Order shall constitute the Bankruptcy Court's approval of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) given and made after due notice and opportunity for hearing; and (3) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release.

### D. *Exculpation*

Effective as of the Effective Date, to the fullest extent permitted by law, the Exculpated Parties shall neither have nor incur any liability to any Person or Entity for any Claims or Causes of Action for any act taken or omitted to be taken between the Petition Date and the Effective Date in connection with, or related to, formulating, negotiating, preparing, disseminating, implementing, administering, confirming or effecting the Confirmation or consummation (as applicable) of the Plan, the Transaction Support Agreement, and the Disclosure Statement including any disbursements made by a Distribution Agent in connection with the Plan, the Disclosure Statement, the Definitive

Documents, the Plan Supplement, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Plan or any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors, the approval of the Disclosure Statement or Confirmation or consummation of the Plan; provided, that the foregoing provisions of this exculpation shall not operate to waive or release: (1) any Claims or Causes of Action arising from willful misconduct, actual fraud (but not, for the avoidance of doubt, fraudulent transfers), or gross negligence of such applicable Exculpated Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction; and/or (2) the rights of any Person or Entity to enforce the Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with the Plan or assumed pursuant to the Plan or Final Order of the Bankruptcy Court; provided, further, that each Exculpated Party shall be entitled to rely upon the advice of counsel concerning its respective duties pursuant to, or in connection with, the above referenced documents, actions, or inactions.

The Exculpated Parties have, and upon consummation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

The foregoing exculpation shall be effective as of the Effective Date without further notice to or order of the Bankruptcy Court, act, or action under applicable law, regulation, order, or rule or the vote, consent, authorization, or approval of any Person or Entity.  For the avoidance of doubt and notwithstanding anything else herein, the foregoing exculpation shall be limited to Persons that served as Estate fiduciaries during the Chapter 11 Cases.

### E.  Permanent Injunction

Except as otherwise expressly provided in the Transaction Support Agreement, the Plan or the Combined Order, from and after the Effective Date, all Persons and Entities are, to the fullest extent provided under Section 524 and other applicable provisions of the Bankruptcy Code, permanently enjoined from (1) commencing or continuing, in any manner or in any place, any suit, action or other proceeding of any kind; (2) enforcing, attaching, collecting, or recovering in any manner or means any judgment, award, decree, or order; (3) creating, perfecting, or enforcing any Lien or encumbrance; (4) asserting a right of setoff or subrogation of any kind; or (5) commencing or continuing in any manner any action or other proceeding of any kind, in each case on account of or with respect to any Claim, demand, liability, obligation, debt, right, Cause of Action, Interest, or remedy released or to be released, exculpated or to be exculpated, settled or to be settled, or discharged or to be discharged pursuant to the Plan or the Combined Order against any Person or Entity so released, discharged, or exculpated (or the property or estate of any Person or Entity so released, discharged, or exculpated).  All injunctions or stays provided for in the Chapter 11

Cases under Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

No Person or Entity may commence or pursue a Claim or Cause of Action, as applicable, of any kind against the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action, as applicable, subject to Article IX thereof, without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action, as applicable, represents a colorable Claim of any kind, and (ii) specifically authorizing such Person or Entity to bring such Claim or Cause of Action, as applicable, against any such Debtor, Reorganized Debtor, Exculpated Party, or Released Party, as applicable. At the hearing for the Bankruptcy Court to determine whether such Claim or Cause of Action represents a colorable Claim of any kind, the Bankruptcy Court may, or shall if any Debtor, Reorganized Debtor, Exculpated Party, Released Party, or other party in interest requests by motion (oral motion being sufficient), direct that such Person or Entity seeking to commence or pursue such Claim or Cause of Action file a proposed complaint with the Bankruptcy Court embodying such Claim or Cause of Action, such complaint satisfying the applicable Rules of Federal Procedure, including, but not limited to, Rule 8 and Rule 9 (as applicable), which the Bankruptcy Court shall assess before making a determination. For the avoidance of doubt, any party that obtains such determination and authorization and subsequently wishes to amend the authorized complaint or petition to add any Claims or Causes of Action not explicitly included in the authorized complaint or petition must obtain authorization from the Bankruptcy Court before filing any such amendment in the court where such complaint or petition is pending. The Bankruptcy Court reserves jurisdiction to adjudicate any such claims to the maximum extent provided by the law.

### F. SEC Reservation of Rights

Notwithstanding any language to the contrary in the Disclosure Statement, Plan and/or Combined Order, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, Causes of Action, proceedings or investigations against any non-Debtor Person or non-Debtor Entity in any forum.

## **EXHIBIT 4B**

Release Opt-Out Form (Beneficial Holders of Common Stock)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
                                      :

In re:                              :    Chapter 11
                                        :

THE CONTAINER STORE GROUP, INC., *et al.*, :    Case No. 24-90627 (ARP)
                                        :

                Debtors.[1]         :    (Jointly Administered)
                                        :
------------------------------------------------------------ x

## RELEASE OPT-OUT FORM FOR <u>"STREET NAME" HOLDERS OF INTERESTS IN CLASS 8</u>

### CUSIP 210751202 / ISIN US2107512020

---

**You are receiving this Release Opt-Out Form because your rights may be affected under the Plan. Due to the nature and treatment of your Interest under the Plan, you are not entitled to vote on the Plan.**

**You are hereby given notice and the opportunity to opt out of granting the Third-Party Release set forth in Article IX.C of the Plan and described in <u>Appendix A</u>. If you do not opt out of granting the Third-Party Release by following the instructions contained in this notice, you will automatically be deemed to have consented to the Third-Party Release set forth in Article IX.C of the Plan.**

**Release Opt-Out Forms must be submitted no later than <u>January 21, 2025, at 4:00 p.m. (prevailing Central Time)</u>**

**You should review this notice carefully and may wish to consult legal counsel as your rights may be affected.**

---

*General Information Concerning this Release Opt-Out Form*

       The Container Store Group, Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "***Debtors***"), have filed the *Prepackaged Joint Plan of Reorganization of The Container Store Group, Inc. and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code* [Docket No. [ ● ]] (as it may be amended, modified, or supplemented from time to time, the "***Plan***"), which is described in the *Disclosure Statement for Prepackaged Joint Plan of*

---

[1]    The Debtors in these cases, together with the last four digits of each Debtor's taxpayer identification number, are: The Container Store Group, Inc. (5401); The Container Store, Inc. (6981); C Studio Manufacturing Inc. (4763); C Studio Manufacturing LLC (5770); and TCS Gift Card Services, LLC (7975). The Debtors' mailing address is 500 Freeport Parkway, Coppell, TX 75019.

*Reorganization of The Container Store Group, Inc. and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code* [Docket No. [ ● ]] (as it may be amended, modified, or supplemented from time to time, the "***Disclosure Statement***"), and have filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "***Bankruptcy Code***") to implement the Plan (the "***Chapter 11 Cases***") in the United States Bankruptcy Court for the Southern District of Texas (the "***Court***").[2]

You are receiving this release opt-out form (this "***Release Opt-Out Form***") because, according to the Debtors' books and records, you may be a Holder of an Interest in Class 8 (Existing Equity Interests) of the Debtors in "street name" at a bank, broker, or other intermediary, through DTC or another similar depository (such Holders being "Beneficial Holders" of the Existing Equity Interests).[3]  Interests in Class 8 are conclusively presumed to have rejected the Plan pursuant to section 1126(g).  Therefore, Holders of Interests in Class 8 are not entitled to vote to accept or reject the Plan.

Article IX.C of the Plan contains certain ***third-party*** releases.  This Release Opt-Out Form provides you with the opportunity to elect to opt out of the releases in Article IX.C of the Plan and set forth in Appendix A.

*Making an Alternative Election Under this Release Opt-Out Form*

Holders of Interests who take no action with respect to this Release Opt-Out Form will automatically be deemed to grant the releases contained in Article IX.C of the Plan.

You should review the Disclosure Statement and the Plan before you make any elections on this Release Opt-Out Form.  You may wish to seek legal advice concerning the elections available under this Release Opt-Out Form.  Copies of the Disclosure Statement and the Plan may be found on the Debtors' restructuring website at www.veritaglobal.net/thecontainerstore.

**Questions may be directed to Kurtzman Carson Consultants, LLC d/b/a Verita Global (the "*Solicitation Agent*" or "*Verita*") at (888) 251-3046 (U.S. / Canada, toll-free) or (310) 751-2615 (International, toll), or by emailing the Solicitation Agent at TCSInfo@veritaglobal.com.**

---

[2]    Capitalized terms used but not defined herein have the meanings given to them in the Plan.

[3]    Holders of Interests in Class 8 who hold their interests directly will receive a different release opt-out form.

**Release Opt-Out Election**

**This election allows you to:**

- **OPT OUT OF THE RELEASES IN THE PLAN, WHICH WILL DISQUALIFY YOU FROM BEING SUBJECT TO AND BENEFITING FROM THE RELEASES IN ARTICLE IX OF THE PLAN.  IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE BY CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED THE DEBTORS, THE REORGANIZED DEBTORS, AND THE RELEASED PARTIES AS PROVIDED IN THE PLAN.**

**Complete and return this Form if you wish to elect to opt out of granting the releases contained in Article IX.C of the Plan and described in <u>Appendix A</u>.**

*Summary of Election*

Article IX.C of the Plan contains a third-party release that binds releasing parties, which is described in <u>Appendix A</u>.  Releasing parties include Holders of Unimpaired Claims and Existing Equity Interests that do not opt out of the releases provided for in Article IX.C of the Plan by properly completing and making an election under this Release Opt-Out Form.

**<u>IMPORTANT INFORMATION REGARDING THE RELEASE</u>**

**YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES CONTAINED IN ARTICLE IX.C OF THE PLAN UNLESS YOU COMPLETE AND RETURN THIS RELEASE OPT-OUT FORM BY JANUARY 21, 2025 AT 4:00 P.M. (PREVAILING CENTRAL TIME).  Please be advised that your decision to opt out <u>does not</u> affect the amount of distribution you will receive under the Plan.  Specifically, your recovery under the Plan will be the same if you opt out; however, in the event you opt out of the Third-Party Release, you will <u>not</u> be granted a release from the Releasing Parties under the Plan.**

*Instructions for Making a Release Opt-Out Election*

If you wish to make the election and opt out of granting the releases contained in Article IX.C of the Plan and described in <u>Appendix A</u>, check the box under "Your Election" below. If your election contained in this Release Opt-Out Form is not received by the Solicitation Agent by January 21, 2025 at 4:00 p.m. (prevailing Central Time), your election will not count, your Release Opt-Out Form will not be effective, and you will be deemed to have consented to the releases provided for in Article IX.C of the Plan.  If your election is received and the opt-out box below is not checked, you will be deemed to have consented to the releases provided for in Article IX.C of the Plan.  Any opt-out election that is illegible or does not provide sufficient information to identify the Interest Holder will not be valid.

All questions as to the validity, form, eligibility (including time of receipt), and acceptance and revocation of an opt-out election will be resolved by the Debtors or Reorganized Debtors (as applicable), in their sole discretion, which resolution will be final and binding.

If you have any questions on how to properly complete this Release Opt-Out Form, you may contact the Solicitation Agent at (888) 251-3046 (U.S. / Canada, toll-free) or (310) 751-2615 (International, toll), or by emailing the Solicitation Agent at TCSInfo@veritaglobal.com.

**IF YOU WISH TO MAKE THE OPT-OUT ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS RELEASE OUT-OUT FORM AND RETURN IT (WITH A SIGNATURE) PROMPTLY IN THE ENVELOPE PROVIDED (IF APPLICABLE) OR VIA FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

**TCS Ballot Processing Center**
**c/o Verita Global**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**

**To arrange hand delivery of your Release Opt-Out Form, please email the Solicitation Agent at TCSInfo@veritaglobal.com (with "TCS Solicitation Opt-Out Form Delivery" in the subject line) at least 24 hours prior to your arrival at the address above and provide the anticipated date and time of delivery.**

**In the alternative, to properly submit the customized electronic version of your Opt-Out Form via the Solicitation Agent's online Opt-Out Portal, please visit www.veritaglobal.net/thecontainerstore click on the "Submit Class 8 Existing Equity Interest Opt-Out Form" section of the website, and follow the instructions to submit your electronic Opt-Out Form.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Opt-Out Form:**

**Unique E-Opt-Out Form ID#:**_____

Each E-Opt-Out Form ID# is to be used solely in relation to those Interests in the Debtors.

**If you choose to submit your Opt-Out Form using the Opt-Out Portal, you should NOT also submit a paper Opt-Out Form.**

**The Solicitation Agent's Opt-Out Portal is the only acceptable means of submission of Release Opt-Out Forms via electronic or online transmission. Release Opt-Out Forms submitted by facsimile, email, or other means of electronic transmission will not be counted.**

*Opt-Out Election*

The undersigned, a Holder of an Existing Equity Interest:

☐ ELECTS TO **OPT OUT** OF THE RELEASES IN ARTICLE IX.C OF THE PLAN AND, AS A RESULT, NOT BE SUBJECT TO OR BENEFIT FROM THE RELEASES UNDER ARTICLE IX OF THE PLAN.

**IF YOU HAVE MADE THE ELECTION ABOVE, YOU MUST SIGN THE ELECTION FORM CONTAINED ON THE FOLLOWING PAGE.**

**<u>PLEASE GO TO THE FOLLOWING PAGE</u>.**

[*Remainder of page intentionally left blank.*]

5

## Certification and Signature for Opt-Out Election

**Certification.**  By signing this Release Opt-Out Form, the electing Interest Holder, as applicable, certifies to the Court and the Debtors:

c.   that the Holder acknowledges that the election provided for in this Release Opt-Out Form is being made pursuant to the terms and conditions set forth in the Plan;

d.   that the Holder has the full power and authority to make the election provided for in this Release Opt-Out Form with respect to its Class 8 Interest.

Name of Holder (Please Print)   _____

Authorized Signature   _____

Name of Signatory   _____

Title, if by Authorized Agent[4]   _____

Street Address   _____

City, State, Zip Code   _____

Telephone Number   _____

Email   _____

Brokerage Firm Where You Hold Your Account   _____

Number of Shares You Hold In Your Account   _____

Date Completed   _____

*[Remainder of page left intentionally blank]*

---

[4]   If you are completing this Release Opt-Out Form on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

6

Appendix A

Release, Injunction, and Exculpation Provisions in the Plan[1]

---

[1]     Capitalized terms used but not defined in this <u>Appendix A</u> have the meanings given to them in the Plan.

## Article IX.

## DISCHARGE, RELEASE, INJUNCTION, AND RELATED PROVISIONS

### B. *Releases by the Debtors*

To the fullest extent permitted by applicable law and approved by the Bankruptcy Court, and except as otherwise expressly set forth in the Plan or the Combined Order, pursuant to section 1123(b) of the Bankruptcy Code, as of the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party, in each case on behalf of itself and its respective successors, assigns, and Representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, is and is deemed to be, forever and unconditionally released, and absolved by each Debtor, Reorganized Debtor, and the Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Estates, or the Reorganized Debtors that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from, in whole or in part, (1) the management, ownership, or operation of the Debtors or the Non-Debtor Affiliates, (2) the purchase, sale, or rescission of any security of the Debtors or the Non-Debtor Affiliates, (3) the subject matter of, or the transactions, events, circumstances, acts or omissions giving rise to, any Claim or Interest that is treated in the Restructuring Transactions, including the negotiation, formulation, or preparation of the Restructuring Transactions, (4) the business or contractual arrangements between any Debtor or Non-Debtor Affiliate and any other Entity, (5) the Debtors' and Non-Debtor Affiliates' in- or out-of-court restructuring efforts, (6) intercompany transactions, (7) the formulation, preparation, dissemination, negotiation, filing, or consummation of the Plan, the Disclosure Statement, the Transaction Support Agreement, the Definitive Documents, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), the Chapter 11 Cases, or any Restructuring Transaction, (8) any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Transaction Support Agreement, the Definitive Documents, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), the Chapter 11 Cases, the pursuit of Confirmation of the Plan, the administration and implementation of the Plan, or the Restructuring Transactions, including the issuance or distribution of Securities pursuant to the Plan, (9) the distribution, including any disbursements made by a Distribution Agent, of property under the Plan or any other related agreement, or (10) any other act or omission, transaction, agreement, event, or other occurrence related to any of the foregoing and taking place on or before the Effective Date; provided, that the Debtors do not release Claims or Causes of Action (1) that are of a commercial nature and arising in the ordinary course of business, such as accounts receivable and accounts payable on account of goods and services being performed or (2) arising out of, or related to, any act or omission of a Released Party that is determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have

constituted actual fraud, gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud (but not, for the avoidance of doubt, fraudulent transfers), gross negligence, or willful misconduct). Notwithstanding anything to the contrary in the foregoing, the Releases set forth above do not release (1) any obligations of any Person or Entity under the Plan, the Combined Order, any other Definitive Document, any Restructuring Transaction, any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, or any agreement, Claim, or obligation arising or assumed under the Plan or (2) any Causes of Action specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action.

Entry of the Combined Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable consideration provided by each of the Released Parties, including the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (2) a good-faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

### C. Releases by Holders of Claims and Interests

To the extent permitted by applicable law and approved by the Bankruptcy Court, and except as otherwise expressly set forth in the Plan or the Combined Order, as of the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party, in each case on behalf of itself and its respective successors, assigns, and Representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, has and is deemed to have, forever and unconditionally, released, and absolved each Released Party from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Estates, or the Reorganized Debtors that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor, based on or relating to, or in any manner arising from, in whole or in part, (1) the management, ownership, or operation of the Debtors or the Non-Debtor Affiliates, (2) the purchase, sale, or rescission of any Security of the Debtors or the Non-Debtor Affiliates, (3) the subject matter of, or the transactions, events, circumstances, acts or omissions giving rise to, any Claim or Interest that is treated in the Restructuring Transactions, including the negotiation, formulation, or preparation of the Restructuring Transactions, (4) the business or contractual arrangements between any Debtor or Non-Debtor Affiliate and any other Entity, (5) the Debtors' and Non-Debtor Affiliates' in- or out-of-court restructuring efforts, (6) intercompany transactions, (7) the formulation, preparation, dissemination, negotiation, filing, or consummation of the Plan,

the Disclosure Statement, the Transaction Support Agreement, the Definitive Documents, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), the Chapter 11 Cases, or any Restructuring Transaction, (8) any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Transaction Support Agreement, the Definitive Documents, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), the Chapter 11 Cases, the pursuit of Confirmation of the Plan, the administration and implementation of the Plan, or the Restructuring Transactions, including the issuance or distribution of Securities pursuant to the Plan, (9) the distribution, including any disbursements made by a Distribution Agent, of property under the Plan or any other related agreement, or (10) any other act, or omission, transaction, agreement, event, or other occurrence relating to any of the foregoing and taking place on or before the Effective Date; provided, that the Releasing Parties do not release Claims or Causes of Action (1) arising out of, or related to, any act or omission of a Released Party that is determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted actual fraud (but not, for the avoidance of doubt, fraudulent transfers), gross negligence, or willful misconduct (it being agreed that any Released Parties' consideration, approval, or receipt of any distribution did not arise from or relate to actual fraud, gross negligence, or willful misconduct) or (2) against a Released Party arising from any obligations owed to the Releasing Party that are wholly unrelated to the Debtors or the Reorganized Debtors. Notwithstanding anything to the contrary in the foregoing, the Releases set forth above do not release (1) any obligations of any Person or Entity under the Plan, the Combined Order, any other Definitive Document, any Restructuring Transaction, any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, or any agreement, claim, or obligation arising or assumed under the Plan or (2) any Causes of Action specifically retained by the Debtors pursuant to the Schedule of Retained Causes of Action.

Entry of the Combined Order shall constitute the Bankruptcy Court's approval of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) given and made after due notice and opportunity for hearing; and (3) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release.

### D. Exculpation

Effective as of the Effective Date, to the fullest extent permitted by law, the Exculpated Parties shall neither have nor incur any liability to any Person or Entity for any Claims or Causes of Action for any act taken or omitted to be taken between the Petition Date and the Effective Date in connection with, or related to, formulating, negotiating, preparing, disseminating, implementing, administering, confirming or effecting the Confirmation or consummation (as applicable) of the Plan, the Transaction Support Agreement, and the Disclosure Statement including any disbursements made by a Distribution Agent in connection with the Plan, the Disclosure Statement, the Definitive

Documents, the Plan Supplement, the Prepetition ABL Facility Documents, the Prepetition Term Loan Documents, the DIP Facilities Documents, the Exit Facilities Documents (and any financing permitted thereunder), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Plan or any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors, the approval of the Disclosure Statement or Confirmation or consummation of the Plan; provided, that the foregoing provisions of this exculpation shall not operate to waive or release: (1) any Claims or Causes of Action arising from willful misconduct, actual fraud (but not, for the avoidance of doubt, fraudulent transfers), or gross negligence of such applicable Exculpated Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction; and/or (2) the rights of any Person or Entity to enforce the Plan and the contracts, instruments, releases, indentures, and other agreements and documents delivered under or in connection with the Plan or assumed pursuant to the Plan or Final Order of the Bankruptcy Court; provided, further, that each Exculpated Party shall be entitled to rely upon the advice of counsel concerning its respective duties pursuant to, or in connection with, the above referenced documents, actions, or inactions.

The Exculpated Parties have, and upon consummation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

The foregoing exculpation shall be effective as of the Effective Date without further notice to or order of the Bankruptcy Court, act, or action under applicable law, regulation, order, or rule or the vote, consent, authorization, or approval of any Person or Entity.  For the avoidance of doubt and notwithstanding anything else herein, the foregoing exculpation shall be limited to Persons that served as Estate fiduciaries during the Chapter 11 Cases.

### E. Permanent Injunction

Except as otherwise expressly provided in the Transaction Support Agreement, the Plan or the Combined Order, from and after the Effective Date, all Persons and Entities are, to the fullest extent provided under Section 524 and other applicable provisions of the Bankruptcy Code, permanently enjoined from (1) commencing or continuing, in any manner or in any place, any suit, action or other proceeding of any kind; (2) enforcing, attaching, collecting, or recovering in any manner or means any judgment, award, decree, or order; (3) creating, perfecting, or enforcing any Lien or encumbrance; (4) asserting a right of setoff or subrogation of any kind; or (5) commencing or continuing in any manner any action or other proceeding of any kind, in each case on account of or with respect to any Claim, demand, liability, obligation, debt, right, Cause of Action, Interest, or remedy released or to be released, exculpated or to be exculpated, settled or to be settled, or discharged or to be discharged pursuant to the Plan or the Combined Order against any Person or Entity so released, discharged, or exculpated (or the property or estate of any Person or Entity so released, discharged, or exculpated).  All injunctions or stays provided for in the Chapter 11

Cases under Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

No Person or Entity may commence or pursue a Claim or Cause of Action, as applicable, of any kind against the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action, as applicable, subject to Article IX thereof, without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action, as applicable, represents a colorable Claim of any kind, and (ii) specifically authorizing such Person or Entity to bring such Claim or Cause of Action, as applicable, against any such Debtor, Reorganized Debtor, Exculpated Party, or Released Party, as applicable. At the hearing for the Bankruptcy Court to determine whether such Claim or Cause of Action represents a colorable Claim of any kind, the Bankruptcy Court may, or shall if any Debtor, Reorganized Debtor, Exculpated Party, Released Party, or other party in interest requests by motion (oral motion being sufficient), direct that such Person or Entity seeking to commence or pursue such Claim or Cause of Action file a proposed complaint with the Bankruptcy Court embodying such Claim or Cause of Action, such complaint satisfying the applicable Rules of Federal Procedure, including, but not limited to, Rule 8 and Rule 9 (as applicable), which the Bankruptcy Court shall assess before making a determination. For the avoidance of doubt, any party that obtains such determination and authorization and subsequently wishes to amend the authorized complaint or petition to add any Claims or Causes of Action not explicitly included in the authorized complaint or petition must obtain authorization from the Bankruptcy Court before filing any such amendment in the court where such complaint or petition is pending. The Bankruptcy Court reserves jurisdiction to adjudicate any such claims to the maximum extent provided by the law.

### F. SEC Reservation of Rights

Notwithstanding any language to the contrary in the Disclosure Statement, Plan and/or Combined Order, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, Causes of Action, proceedings or investigations against any non-Debtor Person or non-Debtor Entity in any forum.