**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

------------------------------------------------------------ x
                                                             :
In re:                                                       :     Chapter 11
                                                             :
THE CONTAINER STORE GROUP, INC., *et al.*, :     Case No. 24-90627 (ARP)
                                                             :
                        Debtors. [1]                         :     (Jointly Administered)
                                                             :
------------------------------------------------------------ x

**APPLICATION OF DEBTORS FOR ENTRY OF
AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF A&G REALTY PARTNERS, LLC AS A REAL ESTATE
CONSULTANT AND ADVISOR TO THE DEBTORS AND DEBTORS IN POSSESSION**

> **If you object to the relief requested, you must respond in writing.  Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed.  If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The debtors in possession in the above captioned cases (collectively, the "***Debtors***") state the following in support of this application (this "***Application***"):

**Relief Requested**

1.      The Debtors seek entry of an order (the "***Order***") authorizing the employment and retention of A&G Realty Partners, LLC ("***A&G***"), as real estate consultant and advisor to the Debtors, in accordance with the terms and conditions set forth in that certain real estate services

---

[1]    The Debtors in these cases, together with the last four digits of each Debtor's taxpayer identification number, are: The Container Store Group, Inc. (5401); The Container Store, Inc. (6981); C Studio Manufacturing Inc. (4763); C Studio Manufacturing LLC (5770); and TCS Gift Card Services, LLC (7975).  The Debtors' mailing address is 500 Freeport Parkway, Coppell, TX 75019.

agreement dated as of December 30, 2024, a copy of which is attached hereto as <u>Exhibit A</u> (the "***Services Agreement***")[2] and incorporated by reference herein.

2.      In support of the Application, the Debtors submit and incorporate by reference the *Declaration of Andrew Graiser in Support of Application of Debtors for an Order Authorizing the Retention and Employment of A&G Realty Partners, LLC as a Real Estate Consultant and Advisor to the Debtors* (the "***Graiser Declaration***"), which is attached hereto as <u>Exhibit 1</u>.

**<u>Jurisdiction and Venue</u>**

3.      The United States Bankruptcy Court for the Southern District of Texas (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order by the Court.

4.      Venue is proper pursuant to 28 U.S.C. § 1408.

5.      The bases for the relief requested herein are sections 327(a), 328(a), and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "***Bankruptcy Code***"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "***Bankruptcy Local Rules***"), and the *Procedures for Complex Cases in the Southern District of Texas* (the "***Complex Case Procedures***").

**<u>Background</u>**

6.      On December 22, 2024 (the "***Petition Date***"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On December 23, 2024, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Services Agreement or First Day Declaration (defined below), as applicable.

2

pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1 [Docket No. 36]. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

7. A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Chad E. Coben, Chief Restructuring Officer, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 6] (the "***First Day Declaration***").

### Retention of A&G

8. In consideration of the various issues that have already arisen and will continue to arise with landlords during these chapter 11 cases, the Debtors have determined that the services of an experienced real estate consultant and advisor will substantially enhance their attempts to maximize the value of their estates. The Debtors have chosen A&G because A&G is well suited to provide the real estate services that the Debtors require. The principals of A&G have over fifty (50) years combined of commercial real estate experience and have extensive knowledge and expertise in the retail industry. A&G is a well-known, reputable, and diversified real estate consulting and advisory firm with offices located in New York and Illinois. A&G's professionals have extensive experience in providing services regarding the review, analysis, restructuring, disposition, and negotiation of real property and lease agreements, inside and outside of bankruptcy.

9. A&G has significant experience in the disposition and renegotiation of leases and properties in bankruptcy. A&G's professionals have assisted, advised, or been retained as real

estate consultants in a variety of bankruptcy cases involving issues relating to the review, analysis, renegotiation, and disposition of key real property and lease agreements.

10.     A&G worked with the Debtors prior to the Petition Date and, consequently, gained critical knowledge regarding the Debtors and their leases.  A&G is well qualified to perform all services contemplated by the Services Agreement and to represent the Debtors' interests in these chapter 11 cases in a cost effective, efficient, and timely manner.  The engagement of A&G is critical to the Debtors' efforts to navigate successfully through chapter 11 and provide a maximum recovery to their creditors.

**Scope of Services**

11.     As set forth more fully in the Services Agreement, A&G will provide the following services (collectively, the "***Services***") to the Debtors:

     a.     review the Debtors' portfolio of Leases (the "***Lease Portfolio***"), consult with the Debtors regarding their goals, objectives and financial parameters in relation to the Lease Portfolio and assist the Debtors with their overall strategy with respect to the Lease Portfolio;

     b.     assist the Debtors in developing store segmentation buckets in view of, and that correspond to, the Debtors' goals and objectives for the Lease Portfolio and determine Lease modification requests;

     c.     negotiate with the landlords of the Leases (collectively, the "***Landlords***" and, individually, a "***Landlord***") on behalf of the Debtors to obtain Lease Modifications acceptable to the Debtors;

     d.     negotiate with Landlords on behalf of the Debtors to obtain Early Termination Rights acceptable to the Debtors;

     e.     if requested by the Debtors, market the Leases in a manner and form as determined by A&G and approved by the Debtors, and negotiate with the Landlords and other third parties on behalf of the Debtors to assist the Debtors in obtaining Lease Sales acceptable to the Debtors;

     f.     if requested by the Debtors, negotiate with Landlords on behalf of the Debtors to assist the Debtors in obtaining Landlord Consents (defined below) acceptable to the Debtors in their sole discretion; and

g.  report periodically to the Debtors.

12.  The Services are necessary to enable the Debtors to maximize the value of their estates and are in the best interests of the Debtors, their estates, and their creditors.  A&G has stated its desire, willingness, and ability to act as the Debtors' real estate consultant and advisor in these chapter 11 cases.

13.  The Services that will be rendered by A&G in connection with this proposed engagement are not duplicative of the services to be performed by any of the Debtors' other retained professionals or advisors.  A&G will coordinate with the Debtors and the Debtors' other professionals to minimize unnecessary duplication of efforts among the Debtors' professionals.

## Professional Compensation

14.  Subject to the Court's approval, the Debtors will compensate A&G in accordance with the terms and conditions set forth in the Services Agreement, including Schedule B thereto. It is contemplated that A&G shall be compensated as follows:

a.  Monetary Lease Modifications. For each Monetary Lease Modification obtained by A&G on behalf of the Debtors and agreed to by the Debtors in their sole and absolute discretion, A&G shall earn and be paid a fee in the amount of three percent (3%) of the Occupancy Cost Savings, per Lease.

b.  Non-Monetary Lease Modifications. For each Non-Monetary Lease Modification obtained by A&G on behalf of the Debtors and agreed to by the Debtors in their sole and absolute discretion, A&G shall earn and be paid a fee of $750.00.

c.  Early Termination Rights. For each Early Termination Right obtained by A&G on behalf of the Debtors and agreed to by the Debtors in their sole and absolute discretion, A&G shall earn and be paid a fee of one-half (½) of one (1) month's base rent, per Lease; *provided* that A&G shall only be entitled to such fee in the event that the amount paid by the Debtors in connection with the Early Termination Right(s) is less than the rejection damages claim the Landlord would be entitled to under the Bankruptcy Code in the event the Debtors rejected the Lease in the Chapter 11 Cases.

d.  Lease Sales. For each Lease Sale obtained by A&G on behalf of the Debtors and agreed to by the Debtors in their sole and absolute discretion, A&G shall

5

earn and be paid a fee in the amount of the greater of five percent (5%) of the Gross Proceeds and $1,500. No fee shall be payable, however, unless and until a closing of a Lease Sale is effectuated.

e.  Landlord Consents. If requested by the Debtors, for each consent obtained by A&G to extend the Debtors' time to assume or reject a Lease (the "***Landlord Consent***") as a part of any applicable Chapter 11 case and agreed to by the Debtors in their sole and absolute discretion, A&G shall earn and be paid a fee in the amount of five hundred dollars ($500), per Lease.

15.  In addition to any fees payable by the Debtors to A&G, A&G also intends to seek reimbursement for its reasonable, pre-approved out-of-pocket expenses (including, but not limited to, legal, mailing, and marketing) incurred in connection with its retention and performance of the Services. This includes, but is not limited to, responding to any litigation or other type of inquiry, deposition, or otherwise relating to the Services or the Services Agreement.

16.  To the extent A&G uses the services of independent contractors (the "***Contractors***") in these chapter 11 cases pursuant to the Services Agreement, A&G shall be responsible for the performance of and payment of any fees to such Contractors independently of the fee structure between the Debtors and A&G. A&G will not pass through the cost of such Contractors to the Debtors and will not seek reimbursement from the Debtors. A&G will ensure that the Contractors are subject to conflict checks with respect to the parties related to their involvement in these chapter 11 cases.

17.  The compensation structure described above and set forth in the Services Agreement is comparable to compensation generally charged by real estate consultants and advisors of similar stature to A&G for comparable engagements, both in and out of bankruptcy. The compensation structure is also consistent with A&G's normal and customary billing practices for cases of comparable size and complexity that require the level and scope of services to be provided in this case.

6

**No Duplication of Services**

18.     The real estate consultancy and advisory services provided by A&G will complement, and not duplicate, the services to be rendered by any other professional retained in these chapter 11 cases.

**A&G's Disinterestedness**

19.     Section 327(a) of the Bankruptcy Code provides that a debtor "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties . . ." 11 U.S.C. § 327(a).

20.     Section 101(14) of the Bankruptcy Code defines a "disinterested person" as a person that:

  a.     is not a creditor, an equity security holder, or an insider;

  b.     is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

  c.     does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

21.     To the best of the Debtors' knowledge, information, and belief, and except to the extent disclosed in the Graiser Declaration, A&G:  (a) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, (b) has no connection with the Debtors, their creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the Office of the United States Trustee (the "*U.S. Trustee*") or any person employed by the U.S. Trustee, and (c) does not hold or represent an interest adverse to the Debtors or the Debtors' estates.

7

22.     A&G is not owed any amounts by the Debtors as of the Petition Date and does not hold a claim against the Debtors' estates.  A&G has indicated that if it discovers any information that is contrary to or pertinent to the statements made in the Graiser Declaration, it will promptly disclose such information to the Court, the Debtors, and the U.S. Trustee.

23.     The Debtors have also been advised that A&G has not shared or agreed to share any of its compensation from the Debtors with any other persons or firm in accordance with section 504 of the Bankruptcy Code.

## Fee Applications

24.     Because A&G's compensation is results-oriented by virtue of its efforts to obtain Monetary Lease Modifications, Non-Monetary Lease Modifications, Early Termination Rights, Lease Sales, and Landlord Consents on the Debtors' behalf, requiring A&G to submit detailed time records with its monthly fee statements and fee applications is unnecessary under the circumstances.  A&G intends to file interim and final fee applications pursuant to sections 330 and 331 of the Bankruptcy Code, but the Debtors request that A&G be excused from any requirement to keep detailed time records similar to those customarily kept by attorneys and other professionals who are compensated on an hourly basis.

25.     A&G is being retained under sections 327(a) and 328 of the Bankruptcy Code and will be employed by the Debtors to perform a highly specialized and discrete task and, accordingly, will not be compensated based upon time and effort expended.  Instead, A&G will be compensated based on (a) a percentage of Monetary Lease Modifications and Lease Sales achieved and (b) flat fees for any Non-Monetary Lease Modifications, Early Termination Rights, and Landlord Consents obtained.  Requiring A&G to record and submit detailed time entries in light of the transactional nature of the services to be rendered by A&G herein and the percentage-based/flat fee structure set forth in the Services Agreement would be unduly burdensome to A&G.  The

8

Debtors further acknowledge and agree that the ultimate benefit to the Debtors from A&G's services likely could not be measured merely by reference to the number of hours to be expended by the A&G professionals in the performance of such services. Accordingly, the Debtors request that A&G be relieved of any requirement to maintain detailed time records.

26. In the event that A&G provides any services requested by the Debtors that are not otherwise specifically provided for in the Services Agreement, the Debtors and A&G will mutually agree upon such services and fees in writing, in advance. The Debtors shall file notice of any proposed additional services and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, counsel to any statutory committee appointed in these chapter 11 cases, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within 14 days of the Debtors filing such notice, such additional services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

27. Applying for compensation in the manner set forth herein will provide the Court and other parties in interest with sufficient information to monitor the amount and type of service rendered by A&G and is necessary and in the best interests of the Debtors, their creditors, and their estates.

28. Based on the foregoing, the Debtors request that the Court enter the Order, substantially in the form attached hereto, approving A&G's retention as real estate advisors for the Debtors pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and approving the terms of the Services Agreement.

**Indemnification**

29. The Services Agreement contains standard indemnification language with respect to A&G's services including, without limitation, an agreement by the Debtors to indemnify A&G

9

and its affiliates, officers, directors, employees, agents, and independent contractors from and against all third party claims, demands, penalties, losses, liability, or damage, including, without limitation, reasonable attorneys' fees and expenses arising out of or in connection with the engagement of A&G that is the subject of the Services Agreement, except to the extent that such claims or liabilities arise as a direct result of A&G's fraud, gross negligence, or willful misconduct.

30.     The Debtors and A&G believe that the indemnification provision contained in section 22 of the Services Agreement (the "*Indemnification Provision*") is customary and reasonable for A&G and comparable firms providing real estate consultancy and advisory services.

31.     The terms and conditions of the Indemnification Provision were fully negotiated between the Debtors and A&G at arm's length and in good faith as part of the overall compensation payable to A&G under the Services Agreement.   The Indemnification Provision, viewed in conjunction with the other terms of A&G's proposed retention, is reasonable and in the best interest of the Debtors, their estates, and creditors in light of the fact that the Debtors require A&G's services to successful reorganize.  The Debtors request that this Court approve the Indemnification Provision as set forth in the Services Agreement.

## **Applicable Authority**

32.     The Debtors seek authority to retain and employ A&G as their real estate consultant and advisor Section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under this title.

11 U.S.C. § 327(a).

33.     Section 1107(b) of the Bankruptcy Code elaborates upon sections 101(14) and 327(a) of the Bankruptcy Code in cases under chapter 11 of the Bankruptcy Code and provides that "a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

34.     Further, the Debtors seek approval of the fee arrangement under the Services Agreement pursuant to section 328(a), which provides, in relevant part, that a debtor, "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

35.     The fee structure set forth in the Services Agreement is reasonable under section 328(a) of the Bankruptcy Code in light of:  (a) the nature and scope of services to be provided by A&G; (b) industry practice with respect to the fee structure proposed by A&G; (c) market rates charged for comparable services both in and out of chapter 11; and (d) A&G's substantial experience with respect to real estate issues.

36.     Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

37.     Sections 327(a) and 328 of the Bankruptcy Code permit the Debtors to hire a professional firm like A&G to undertake an advisory role in these chapter 11 cases.  Furthermore, the requirements set forth by Bankruptcy Rule 2014 are satisfied by the Application.  The retention

11

of A&G as real estate consultant and advisor in these chapter 11 cases is in the best interests of the Debtors' estates, creditors, and the parties in interest.

38.     This Application is filed within thirty (30) days of the Petition Date and, pursuant to Bankruptcy Local Rule 2014-1 and paragraph 47 of the Complex Case Procedures, the Application is deemed contemporaneous with the Petition Date and entitled to relief effective as of the Petition Date.  *See* Local Bankr. R. 2014-1(b)(1) ("If an application for approval of the employment of a professional is made within 30 days of the commencement of that professional's provision of services, it is deemed contemporaneous."); *see also* Complex Case Procedures, ¶ 47.

### Notice

39.     Notice of this Application will be given to: (a) the U.S. Trustee for the Southern District of Texas; (b) counsel to the DIP Agent; (c) counsel to the Ad Hoc Group; (d) counsel to the Term Loan Agent; (e) counsel to the Prepetition ABL Agent; (f) the creditors listed on the Debtors' consolidated list of thirty (30) creditors holding the largest unsecured claims; (g) the United States Attorney for the Southern District of Texas; (h) the Internal Revenue Service; (i) the Securities and Exchange Commission; (j) the state attorneys general for states in which the Debtors conduct business; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order, granting

the relief requested in this Application and such other and further relief as may be just and proper.

Signed:  January 3, 2025                         Respectfully Submitted,

                                                  /s/ *Tasha Grinnell*
                                                  Tasha Grinnell
                                                  Chief Legal Officer
                                                  The Container Store Group, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 3, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

/s/ *Timothy A. ("Tad") Davidson II*
Timothy A. ("Tad") Davidson II