IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

----------------------------------------------------------------

In re:

THE CONTAINER STORE GROUP, INC., *et al.*,[1]

Debtors.

----------------------------------------------------------------

Chapter 11

Case No. 24-90627 (APR)

Jointly Administered

### LIMITED OBJECTION OF INLAND COMMERCIAL REAL ESTATE SERVICES LLC, AS MANAGING AGENT, CENTURY CITY MALL, LLC, AND SOUTHCENTER OWNER LLC TO CHAPTER 11 PLAN

**COMES NOW** Inland Commercial Real Estate Services LLC, as managing agent, Century City Mall, LLC, and Southcenter Owner LLC (each, a "Landlord" and collectively, the "Landlords"), by and through their attorneys, respectfully submit this limited objection to the *Prepackaged Joint Plan of Reorganization of the Container Store Group, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Dkt. 19] (as amended, modified or supplemented, the "Plan")[2] or any other plan proposed for confirmation (the "Objection").[3] In support of this Objection, the Landlords respectfully state as follows:

---

[1] The Debtors in these cases, together with the last four digits of each Debtor's taxpayer identification number, are: The Container Store Group, Inc. (5401); The Container Store, Inc. (6981); C Studio Manufacturing Inc. (4763); C Studio Manufacturing LLC (5770); and TCS Gift Card Services, LLC (7975). The Debtors' mailing address is 500 Freeport Parkway, Coppell, TX 75019.

[2] Debtors' counsel extended the Landlords' deadline to object to plan confirmation through January 22, 2025 at 2:00 p.m. CT.

[3] Capitalized terms that are otherwise undefined shall have the meanings given to such terms in the Plan.

30580153.2

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## BACKGROUND

2. On December 22, 2024 (the "Petition Date"), each of the above-referenced debtors (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the Court.

3. Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Landlords or their affiliates are parties to unexpired leases of nonresidential real property (each, a "Lease" and collectively, the "Leases") of certain premises where the Debtors operate retail stores (the "Premises").

5. The Premises are located within "shopping centers" as that term is used in § 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

6. On December 23, 2024, the Debtors filed the Plan [Dkt. 19] and a disclosure statement for same [Dkt. 18].

7. Pursuant to the Plan and by virtue of the plan confirmation order, the Debtors propose to assume, as of the Effective Date, various executory contracts and unexpired leases, including the Leases.

8. As of the filing of this Objection, nearly all Plan issues have been resolved in principle and the parties are memorializing language in the Plan and/or confirmation order to effectuate those resolutions.

### OBJECTION

9. It is well settled that a debtor seeking to assume a lease must do so *cum onere*, accepting both its benefits and burdens. *See In re Fleming Cos.,* 499 F.3d 300, 308 (3d Cir. 2007) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951). A debtor must also provide adequate assurance of future performance, including heightened requirements for shopping center leases such as the Leases. *See* 11 U.S.C. § 365(b)(3)(C).

10. In the event that the Debtors seek to assume the Leases, the Debtors are therefore required to assume each Lease as is, with any amendments being solely by written consent of the applicable Landlord.

11. The most recent version of the Plan shared with the Landlords has the following provision (with the objectionable portion in bold):

> On the Effective Date, except as otherwise provided in this Plan, each of the Executory Contracts and Unexpired Leases not previously rejected, assumed, or assumed and assigned pursuant to an order of the Bankruptcy Court shall be deemed assumed **and amended (solely to the extent necessary to implement the terms of the Restructuring Transactions)**, as of the Effective Date pursuant to sections 365 and 1123 of the Bankruptcy Code…

Plan, IV.A.

12. Similarly, the most recent version of the Plan confirmation order shared with the Landlords has the following provision (with the objectionable portion in bold):

> Any Change of Control Provision in any contract, agreement, or other document of the Debtors, including any Executory Contract or Unexpired Lease assumed by the Debtors, shall be deemed not to preclude the assumption of such contract, agreement, or other document under section 365 of the Bankruptcy Code or the transactions contemplated by the Plan and such assumption shall not…(a) be prohibited, restricted, or conditioned…, (b) breach…[modify] or [terminate]…such Executory

3

>   Contract or Unexpired Lease, (c) result in any penalty or other fees or payments,…or (d) entitle the [counterparty] to do or impose any of the foregoing…. Each Executory Contract or Unexpired Lease (including any amendments thereto entered into after the Petition Date and prior to the Effective Date) assumed pursuant to Article V of the Plan shall revest in and be fully enforceable by the Reorganized Debtors in accordance with its terms, except as modified **by the provisions of the Plan**, any order of this Court authorizing and providing for its assumption, or applicable law.

Plan confirmation order, ¶ 26.

13.     While the Landlords generally do not object to the Debtors' assumption of the Leases, neither the Restructuring Transactions nor a Change of Control Provision should be permitted to unilaterally amend or modify the Leases absent written consent of the applicable Landlord.  Therefore, the language bolded in par. 11 above should be struck from the Plan and the bolded language in par. 12 above should be struck from the Plan confirmation order.

## **RESERVATION OF RIGHTS**

14.     The Landlords intend to continue working with the Debtors, through counsel, regarding the remaining Plan issues.  To the extent an agreement cannot be reached or other issues that appear to have been resolved are not, the Landlords reserve the right to raise any such issues at the Plan confirmation hearing.

15.     The Landlords reserve their rights to supplement this Objection and to make such other and further objections as they may deem necessary or appropriate, including, but not limited to, objecting to assumption and assignment of the Leases on any grounds and any proposed form of Plan confirmation order.

**WHEREFORE**, the Landlords respectfully request that the Court enter an order consistent with this Objection, and grant the Landlords any additional and further relief the Court deems just and proper.

**Dated:  January 22, 2025**

Respectfully submitted,

SINGER & LEVICK, P.C.

By:     /s/ *Michelle E. Shriro*
       Michelle E. Shriro, Esq.
       State Bar No. 18310900

16200 Addison Road, Suite 140
Addison, TX 75001
Telephone: (972) 380-5533
E-mail: mshriro@singerlevick.com

-and-

BARCLAY DAMON LLP

Kevin M. Newman, Esq.
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202-2020
Telephone: (315) 413-7115
E-mail: knewman@barclaydamon.com

Niclas A. Ferland, Esq.
545 Long Wharf Drive, 9th Floor
New Haven, Connecticut 06511
Telephone: (203) 672-2667
E-mail: nferland@barclaydamon.com

Scott L. Fleischer, Esq.
1270 Avenue of the Americas, Suite 501
New York, New York 10020
Telephone: (212) 784-5810
E-mail: sfleischer@barclaydamon.com

*Attorneys for Inland Commercial Real Estate Services LLC, as managing agent, Century City Mall, LLC, and Southcenter Owner LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, which includes the parties listed below, as well as the Objecting Notice Parties set forth in the *Order Scheduling Confirmation Hearing, and Procedures to Assume or Reject Contracts and Leases* (**Dkt.081**) as shown below, on this 22nd day of January, 2025.

| **DEBTORS:** | **COUNSEL FOR DEBTORS:** |
|---|---|
| Tasha Grinnell<br>tlgrinnell@containerstore.com<br>The Container Store Group, Inc., *et al.*<br>500 Freeport Parkway<br>Coppell, TX 75019<br>**VIA ECF Noticing through their attorney and/or Email** | Ted A. Dillman<br>ted.dillman@lw.com<br>Latham & Watkins LLP<br>355 South Grand Avenue, Suite 100<br>Los Angeles, CA 90071<br>**VIA ECF Noticing and/or Email**<br><br>Hugh Murtagh<br>hugh.murtagh@lw.com<br>Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>**VIA ECF Noticing and/or Email**<br><br>Timothy A. ("Tad") Davidson II<br>taddavidson@huntonak.com<br>Ashley Harper<br>ashleyharper@huntonak.com<br>Hunton Andrews Kurth LLP<br>600 Travis, Suite 4200<br>Houston, Texas 77002<br>**VIA ECF Noticing and/or Email** |

30580153.2

| | |
|---|---|
| **COUNSEL FOR DIP AGENT:**<br>Donald E. Rothman<br>drothman@riemerlaw.com<br>Steven E. Fox<br>sfox@riemerlaw.com<br>Riemer & Braunstein LLP<br>Times Square Tower,<br>Seven Times Square, Suite 2506<br>New York, NY 10036<br>**VIA ECF Noticing and/or Email**<br><br><br>Rebecca L. Matthews<br>rmatthews@fbtlaw.com<br>Frost Brown Todd LLP<br>Rosewood Court,<br>2101 Cedar Springs Road, Suite 900<br>Dallas, TX 75201<br>**VIA ECF Noticing and/or Email** | **COUNSEL FOR DIP TERM LOAN AGENT:**<br>Alex Cota<br>alexcota@paulhastings.com<br>Paul Hastings LLP<br>200 Park Avenue<br>New York, NY 10166<br>**VIA ECF Noticing and/or Email** |
| **COUNSEL FOR ABL FACILITY AGENT:**<br>Zachary Weiner (zachary.weiner@stblaw.com);<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>**VIA ECF Noticing and/or Email** | **COUNSEL FOR PRE-PETITION ABL FACILITY AGENT:**<br>Ian Kitts<br>(ian.kitts@stblaw.com<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>**VIA ECF Noticing and/or Email** |
| **COUNSEL FOR AD HOC GROUP:**<br>Jayme Goldstein<br>(jaymegoldstein@paulhastings.com)<br>Charles Persons<br>(charlespersons@paulhastings.com)<br>Isaac Sasson<br>(isaacsasson@paulhastings.com)<br>William Reily<br>(williamreily@paulhastings.com);<br>Paul Hastings LLP<br>200 Park Avenue<br>New York, NY 10166<br>**VIA ECF Noticing and/or Email** | **US TRUSTEE:**<br>Ha Minh Nguyen<br>Ha.Nguyen@usdoj.gov<br>Vianey Garza<br>Vianey.Garza@usdoj.gov<br>Office of the US Trustee<br>515 Rusk Avenue, Suite 3516<br>Houston, TX 77002<br>**VIA ECF Noticing and/or Email** |

    /s/ *Michelle E. Shriro*
    Michelle E. Shriro

30580153.2