United States Bankruptcy Court
Southern District of Texas

**ENTERED**

January 28, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

---------------------------------------------------------- x
                      :

In re:                  :  Chapter 11

                      :

THE CONTAINER STORE GROUP, INC., *et al.*, :  Case No. 24-90627 (ARP)

                      :

         Debtors. [1]      :  (Jointly Administered)

                      :

---------------------------------------------------------- x

**ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF A&G REALTY PARTNERS, LLC AS A REAL ESTATE
CONSULTANT AND ADVISOR TO THE DEBTORS AND DEBTORS IN POSSESSION**

Upon the application (the "*Application*")[2] of the Debtors for entry of an order (this

"*Order*") under sections 327(a), 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014

and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1 authorizing the retention and

employment of A&G Realty Partners, LLC ("*A&G*"), as a real estate consultant and advisor to the

Debtors, in accordance with the terms and conditions set forth in that certain real estate services

agreement dated as of December 30, 2024, a copy of which is attached to the Application as

Exhibit A (the "*Services Agreement*"); and upon the Court having reviewed the Application, the

First Day Declaration, and the Declaration of Andrew Graiser, Co-President of A&G (the "*Graiser*

*Declaration*"); and the Court being satisfied with the representations made in the Application, the

First Day Declaration, and the Graiser Declaration; and this Court having jurisdiction over this

matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this Court having

---

[1]    The Debtors in these cases, together with the last four digits of each Debtor's taxpayer identification number, are: The Container Store Group, Inc. (5401); The Container Store, Inc. (6981); C Studio Manufacturing Inc. (4763); C Studio Manufacturing LLC (5770); and TCS Gift Card Services, LLC (7975).  The Debtors' mailing address is 500 Freeport Parkway, Coppell, TX 75019.

[2]    Capitalized terms not otherwise defined herein have the definitions ascribed to them in the Application.

found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. § 1408; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED THAT:**

1.      The Debtors are authorized, pursuant to sections 327(a), 328(a), and 330 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, to employ and retain A&G as their real estate advisors, effective as of the Petition Date, on the terms and conditions set forth in the Services Agreement as modified by this Order.

2.      A&G's compensation, as set forth in the Services Agreement, including without limitation, the fees associated with Monetary Lease Modifications, Non-Monetary Lease Modifications, Early Termination Rights, Lease Sales, and Landlord Consents, and the expense reimbursement, as well as the indemnification provisions, all as modified herein, are approved pursuant to section 328(a) of the Bankruptcy Code, and A&G shall not be required to maintain or

provide detailed time records for the services provided pursuant to the Services Agreement or conform to any schedule of hourly rates.

3.     Notwithstanding any provision to the contrary in the Application, the Services Agreement, or this Order, the Office of the United States Trustee for the Southern District of Texas (the "*U.S. Trustee*") shall have the right to object to A&G's request(s) for compensation based on any ground, including the reasonableness standard provided in section 330 of the Bankruptcy Code.  This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of A&G's fees and expenses.  Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of A&G's fees and expenses.

4.     With respect to fees and expense reimbursements sought for Additional Services (as defined in the Services Agreement) rendered by A&G, A&G shall be compensated in accordance with, and will file interim and final fee applications for, allowance of its compensation and expenses incurred during the applicable retention period and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and applicable law.  For these services, A&G will submit, with any interim or final fee application, a narrative summary, by project category, of services rendered with a specific breakdown of compensation and fees sought on a per property or per lease basis (as applicable), setting forth detail and information regarding the calculation for the amount of compensation requested.  All fees and expenses paid to A&G are subject to disgorgement until final allowance by the Court.

5.     With respect to fees and expense reimbursements for all services rendered by A&G other than for Additional Services and as authorized by this Order, A&G shall be compensated in

accordance with, and will file interim and final fee applications for, allowance of its compensation and expenses incurred during the applicable retention period and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and applicable law, subject to paragraphs 2 and 3 herein.  For these fees, A&G shall include in all fee applications, among other things, a specific breakdown of compensation and fees sought in the categories described in the Services Agreement, setting forth detail and information regarding the calculation of such fees and expenses.

6.      In the event that A&G provides any additional services requested by the Debtors that are not otherwise specifically provided for in the Services Agreement, the Debtors will file a notice of such proposed additional services with the Court and serve such amendment(s) upon the on the U.S. Trustee, counsel to any statutory committee appointed in these chapter 11 cases, and any party requesting notice under Bankruptcy Rule 2002.  If no party in interest objects within ten (10) days of such new amendment(s) being filed, A&G will be authorized to engage in such additional services as of the effective date of such amendment(s).  All additional services shall be subject to the provisions of this Order.

7.      A&G shall disclose any and all facts that may have a bearing on whether A&G, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest in these cases.  The obligation to disclose identified in this paragraph shall be a continuing obligation.

8.      With respect to controversies or claims arising out of or in any way related to the Services in the Services Agreement, notwithstanding any arbitration, dispute resolution, or exclusive jurisdiction provisions contained in the Services Agreement, any disputes arising under the Services Agreement shall be heard in this Court during the pendency of these chapter 11 cases.

9.      Paragraph 23 of the Services Agreement relating to the Limitation on Liability shall be null and void during the pendency of these chapter 11 cases.

10.     The indemnification and related provisions set forth in the Services Agreement are approved, subject during the pendency of the chapter 11 cases to the following:

a.      The indemnified parties shall not be entitled to indemnification, contribution, or reimbursement for services other than those described in the Services Agreement and the Application, unless such services and indemnification therefor are approved by the Court after notice and hearing;

b.      The Debtors shall have no obligation to indemnify any indemnified party, or provide contribution or reimbursement to any indemnified party, for any claim or expense that is either:  (i) judicially determined (the determination having become final) to have arisen from such indemnified party's gross negligence, fraud, breach of fiduciary duty (if any), bad faith, or willful misconduct; or (ii) for a contractual dispute in which the Debtors allege the breach of such indemnified party's contractual obligations, unless the Court determines that indemnification, contribution, or reimbursement would be permissible; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) immediately above, but determined by the Court, after notice and a hearing to be a claim or expense for which the indemnified parties should not receive indemnity, contribution, or reimbursement under the terms of indemnified party's retention by the Debtors pursuant to the terms of the Services Agreement, as modified by this Order; and

c.      If, before the earlier of:  (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, any indemnified party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Services Agreement (as modified by this Order) and the Application, including without limitation the advancement of defense costs, such indemnified party must file an application therefor in this Court, and the Debtors may not pay any such amounts to such indemnified party before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by indemnified parties for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify any Indemnified Party.  All parties in interest shall retain the right to object to any demand by any Indemnified Party for indemnification, contribution, or reimbursement.

11. In the event that, during the pendency of these chapter 11 cases, A&G seeks compensation and reimbursement for any attorneys' fees and expenses, the invoices and supporting time records from such attorneys, appropriately redacted to preserve applicable privileges, shall be included in A&G's fee applications and such invoices and time records shall be in compliance with the Bankruptcy Local Rules and subject to approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

12. A&G shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and any statutory committee appointed in these chapter 11 cases before any changes or increases in the compensation set forth in the Application or the Services Agreement are implemented. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court may review any rate increase pursuant to section 330 of the Bankruptcy Code.

13. A&G shall use reasonable efforts, and coordinate with the Debtors and their other retained professionals, not to duplicate any of the services provided to the Debtors by any of their other retained professionals.

14. To the extent there is inconsistency between the terms of the Services Agreement, the Application, the Graiser Declaration, and this Order, the terms of this Order shall govern.

15. Notice of the Application as provided therein is deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the local rules of this Court are satisfied by such notice.

16. This Order is immediately effective and enforceable upon its entry.

17.     The Debtors and A&G are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

18.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: January 28, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge

7