IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---

------------------------------------------------------------- x
                                     :

In re:                                :   Chapter 11
                                       :

THE CONTAINER STORE GROUP, INC., *et al.*, :   Case No. 24-90627 (ARP)
                                       :

Reorganized Debtors.[1]            :   (Jointly Administered)
                                       :

------------------------------------------------------------- x

**REORGANIZED DEBTORS' OBJECTION TO THE UNITED STATES TRUSTEE'S
REQUEST FOR EMERGENCY CONSIDERATION IN RESPECT OF HIS
MOTION FOR A STAY OF CONFIRMATION ORDER PENDING APPEAL**
**[Relates to Docket No. 210]**

The reorganized debtors (collectively, "***Reorganized Debtors***") in the above-captioned chapter 11 cases (the "***Chapter 11 Cases***") hereby submit this objection (this "***Objection***") to the request of the United States Trustee for the Southern District of Texas (the "***Trustee***") for emergency consideration of his *Motion for Stay of Confirmation Order Pending Appeal* [Docket No. 210] (the "***Motion***"), in which the Trustee seeks to stay this Court's January 24, 2025 *Order (I) Approving Debtors' Disclosure Statement and (II) Confirming First Amended Prepackaged Joint Plan of Reorganization of The Container Store Group, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 181] (the "***Confirmation Order***") pending the Trustee's appeal of the Confirmation Order. The Reorganized Debtors intend to submit their opposition to the merits of the Motion by no later than February 24, 2025 (i.e., 21 days after the filing of the Motion). The Reorganized Debtors submit this Objection as their preliminary

---

[1] The Reorganized Debtors in these cases, together with the last four digits of each Reorganized Debtor's taxpayer identification number, are: The Container Store Group, Inc. (5401); The Container Store, Inc. (6981); C Studio Manufacturing Inc. (4763); C Studio Manufacturing LLC (5770); and TCS Gift Card Services, LLC (7975). The Reorganized Debtors' mailing address is 500 Freeport Parkway, Coppell, TX 75019.

response only to oppose emergency consideration of the Motion.  In support of this Objection, the

Reorganized Debtors respectfully submit the following:

## OBJECTION TO EMERGENCY CONSIDERATION OF THE MOTION

1.      The Court should deny emergency consideration of the Motion because the Trustee

identifies no emergency.

2.      Under the local rules of this Court, a motion requesting emergency consideration

"must include a detailed statement why an emergency exists, and the date relief is needed to avoid

the consequences of the emergency."  BLR 9013-1; *see also* Court Procedures, Hon. Alfredo R.

Perez, at Sec. 5. ("Emergency Motions") ("When filing an emergency motion . . . include an

explanation in the body of the motion setting forth why emergency consideration is required and

the harm that will be suffered if expedited relief is not obtained.").[2]

3.      The entirety of the Trustee's proffered justification for emergency consideration is

as follows:

> The Plan was confirmed on January 24, 2025. The U.S. Trustee filed
> his Notice of Appeal on February 3, 2025. The U.S. Trustee intends
> to request an expedited briefing schedule with the District Court. In
> light of this, the U.S. Trustee requests an emergency hearing on this
> Motion.

Mot. ¶ 129.

4.      Far from offering a detailed statement describing why an emergency exists, the

foregoing fails to describe any emergency at all.  It is instead a list of facts that have no relationship

to the speed with which this Court addresses the Motion:  The date of confirmation, the date of the

appeal, and even the Trustee's desire to obtain expedited briefing at the District Court neither affect

---

[2]      Available at https://www.txs.uscourts.gov/sites/txs/files/JP_Court_Procedures_8-21.pdf (last visited Feb. 3, 2025).

nor are affected by the timing of the Court's ruling on the Motion.  Generously construed, the Trustee offers a summary statement describing his desire for things to move quickly.  That is not an emergency, not a detailed statement, and cannot plausibly satisfy the local rules.

5.      Having identified no emergency, the Trustee also fails to identify the date by which relief is needed to avoid the consequences of the emergency.  While the Motion requests relief no later than February 7—this Friday—it does not tie that date to the occurrence of any adverse event.  And there are no impending events to avoid.  The Reorganized Debtors' plan of reorganization went effective on January 28; all of the material transactions contemplated by the plan are already completed.  *See Notice of (I) Entry of Combined Order, (II) Occurrence of Effective Date, and (III) Rejection Damages Claims Bar Date* [Docket No. 200].  There is no consequence that imposition of a stay now (rather than in three weeks, or never) will prevent.  At risk of belaboring the point:  There is no critical date, because there are no adverse consequences, because there is no emergency.

6.      Conversely, granting the Trustee's request would work a substantial hardship on the Reorganized Debtors.  Filing a substantive response to the Trustee's Motion in time for this Court to have a reasonable opportunity to review the response by Friday would require the Reorganized Debtors to respond to the Trustee's thirty-two page Motion in less than three days.  In the absence of any demonstrated emergency, that timeline is highly unreasonable and unfair to the Reorganized Debtors.

## CONCLUSION

7.      The Reorganized Debtors respectfully request that the Court deny the Trustee's request for emergency consideration.

Dated: February 4, 2025        Respectfully submitted,
      Houston, Texas

*/s/ Timothy A. ("Tad") Davidson II*
**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)
Ashley L. Harper (Texas Bar No. 24065272)
Philip M. Guffy (Texas Bar No. 24113705)
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone:  (713) 220-4200
Email:  taddavidson@HuntonAK.com
       ashleyharper@HuntonAK.com
       pguffy@HuntonAK.com

- and -

**LATHAM & WATKINS LLP**
George A. Davis (NY Bar No. 2401214)
Hugh Murtagh (NY Bar No. 5002498)
Tianjiao (TJ) Li (NY Bar No. 5689567)
Jonathan J. Weichselbaum (NY Bar No. 5676143)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email:  george.davis@lw.com
       hugh.murtagh@lw.com
       tj.li@lw.com
       jon.weichselbaum@lw.com

Ted A. Dillman (CA Bar No. 258499)
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone:  (213) 485-1234
Email:  ted.dillman@lw.com

*Co-Counsel for the Reorganized Debtors*

## Certificate of Service

     I certify that on February 4, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

*/s/ Timothy A. ("Tad") Davidson II*
Timothy A. ("Tad") Davidson II